8921

CHAMPION v. HERMITAGE COTTON MILLS.

(82 S. E. 672.)

MASTER AND SERVANT. DISCHARGE. PENALTY FOR DELAY IN PAYMENT
OF WAGES. EVIDENCE.

1. Testimony as to the custom in a mill as to working days by
employees, held relevant on issue as to whether or not an employee
had voluntarily quit his employment or had been discharged by his
employer.

2. Compensation of an employee according to the amount of work per-
formed, held wages within the meaning of Civil Code, sec. 3812,
requiring the wages of discharged laborers to be paid to the time
of their discharge by corporations.

Before MEMMINGER, J., Camden, November, 1913.
Affirmed.

Action by John Champion against Hermitage Cotton
Mills to recover $7.94 wages, and $100.00 penalty for non-
payment of such wages by the defendant within time limited
by Civil Code, sec. 3812. From judgment for plaintiff, the
defendant appeals. The facts are stated in the opinion.

*Mr. W. B. deLoach,* for appellant, cites: 96 S. C. 4.

*Messrs. J. C. Hough* and *M. L. Smith,* for respondent.

August 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff recovered judgment against defendant in the
Court of a magistrate, which was affirmed on appeal to the
Circuit Court, for $100.00, the accumulated penalty pro-
vided by statute (Civ. Code 1912, sec. 3812) for the failure
of defendant to pay plaintiff the wages due him on demand
after he was discharged.

One of the issues was whether plaintiff was discharged or voluntarily quit the service of defendant.    Plaintiff testified that, prior to August 28, 1913, the date of his discharge, he had been in the service of defendant for about eighteen years, and he was familiar with the customs of the mill, one of which was that, if an employee dropped out for a few days, a spare hand was put in his place, and when the regular employee returned, he resumed his place; that, under this custom, staying out for a few days did not mean that an employee had quit the service; that he stayed out on Monday, the 18th of August, 1913, to go to see his son, who, he had been informed, was sick; that he did not intend to quit the service of defendant; that, before he got very far he was arrested on the charge of having liquor in his possession and brought back to Camden; that he gave bond, and reported at the mill for duty the next morning, Tuesday, and found another in his place; that the overseer told him he could not give him work; that the superintendent asked him when he was going to get out of the house that he was in.    The superintendent also testified that he asked him to vacate the house that he was in.    This was ample evidence of plaintiff's discharge, and we see no objection to the proof of the custom, as testified to by plaintiff.

There was no dispute as to the amount due plaintiff. The only other question is whether plaintiff was a laborer for wages, so as to bring him within the provisions of the statute.    He testified that he was paid according to the number of "hanks" he made.    Wages may be measured by the piece, as well as by the time employed. 40 Cyc. 240.

Judgment affirmed.