19352

NEW FOUNDATION BAPTIST CHURCH, Respondent, v. Otis DAVIS, Appellant

(186 S. E. (2d) 247)

*William I. Bouton, Esq.,* of Greenville, *for Appellant,* cites:

*Messrs. C. Ben Bowen* and *George F. Townes,* of *Abrams, Bowen and Townes,* Greenville, *for Respondent,* cite:

January 12, 1972.

Bussey, Justice:

In this action plaintiff-respondent alleged that defendant-appellant had negligently constructed an addition to, its existing church sanctuary which resulted in the sanctuary floor collapsing during a funeral service. Both actual and punitive damages were sought. Defendant answered interposing a general denial; alleging that the work was properly done; that more than three years passed before the floor collapsed, and that such was due to, heavy use and overloading on the occasion of the funeral. The verdict of the jury was for actual damages in the amount of $6,500.00.

Appellant first asserts that the verdict is not responsive to the evidence, contending that respondent failed to prove actual damages to that extent. A detailed review of the evidence as to damages would, we think, serve no useful purpose. Viewing such in the light most favorable to the respondent as we are required to do, we conclude that there was sufficient evidence to support the verdict, even without resort to what is commonly referred to as the "collateral source rule". When that rule is resorted to and applied to the facts of this case it would appear that the verdict was, in fact, conservative rather than excessive.

There was evidence as to damage to pews, carpet, space heater, and loss of use of the building for a number of weeks, in addition to the cost of repairs to the building itself. A commercial contractor who regularly builds and repairs churches testified that the minimum cost of repair to the building would be $4,746.00, and the reasonableness and accuracy of such figure was uncontradicted by any evidence in the case. The repairs were actually done, however, by one Craig, a contractor who was a member of the church for some eighteen years and a trustee thereof, he having waived any profit and donated his time. He actually completed repairs at a cost of $3,000.00 to the church and testified that he did so not to make money and without any profit to himself, simply to get the church back on its feet.

It is only by using this lesser figure of $3,000.00 as the measure of damages to the building that the appellant arrives at the conclusion that the verdict was excessive. The appellant would, in effect, have the generosity of Craig inure to his benefit, rather than to the church which Craig intended as the beneficiary thereof. Briefly stated, the "collateral source rule" is that which holds that total or partial compensation for injury which an injured party receives from a collateral source, wholly independent of the wrongdoer, does not operate to lessen the damages recoverable from the wrongdoer. Such doctrine has been applied by this Court in quite a variety of factual situations. *Jeffords v. Florence County,*

165 S. C. 15, 162 S. E. 574, 81 A. L. R. 313; *Joiner v. Fort,* 226 S. C. 249, 84 S. E. (2d) 719; *Scott v. Southern Ry. Co.,* 231 S. C. 28, 97 S. E. (2d) 73; *Powers v. Temple,* 250 S. C. 149, 156 S. E. (2d) 759; *Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797.

While we regard the verdict as adequately supported by the evidence, without resort to the collateral source rule, the facts of this case are clearly one for the application of that rule, and when such is applied, the evidence would clearly warrant a verdict in excess of that actually returned by the jury.

Appellant next asserts that the court erred in submitting the issue of punitive damages to the jury. It is well established that where, as here, no punitive damages were awarded by the jury the question of whether or not the trial judge properly submitted such issue to the jury becomes moot. Even if there were error, it was harmless error which would not justify reversal. *Bradley v. Keller,* 250 S. C. 143, 156 S. E. (2d) 638. See the long line of cases collected in West's South Carolina Digest, Appeal and Error, Key No. 1068(4), none of which we are even asked to overrule.

Finally, appellant asserts that the court erred in refusing to charge the jury concerning the lapse of time "from the work performed to the incident sued on", as requested by appellant's attorney. At the conclusion of the judge's charge, appellant's then attorney (not his present counsel) had the following to say:

"Your Honor, I feel like something ought to be charged in the way of time. From the time the work was performed until the time this occurred."

Precisely what counsel wished the court to charge appeared neither then nor now. His Honor's response indicated that he considered such to be a request for a charge on the facts, which he declined, and the matter was not further pursued by counsel. Even here appellant's exception con-

cedes that no request to charge was properly framed and presented to the court by the trial attorney. Moreover, neither the pleadings nor the evidence in the record raise or suggest any issue which properly called for a charge of any proposition of law pertinent to the length of time elapsing between the construction and the collapse.

We conclude that all exceptions are without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.