20950

W. Carl NABORS and Dorothy D. Nabors, Respondents, v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant.

(255 S. E. (2d) 337)

*Robert M. Erwin, Jr.,* Greenwood, *for appellant.*

*James D. Jefferies,* and *John Beasley,* Greenwood, *for respondents.*

May 2, 1979.

RHODES, Justice:

This suit was commenced by Carl and Dorothy Nabors, respondents, to recover on a fire policy issued to them by South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). Appellant Farm Bureau appeals from a jury verdict in favor of respondents. We affirm.

On April 21, 1977, the Nabors' mobile home and its contents were completely destroyed by fire. They subsequently submitted a sworn proof of loss statement claiming total destruction of the dwelling and valuing their destroyed contents at $7,300.

Farm Bureau denied the claim and respondents brought this action. Among its defenses, Farm Bureau contended that respondents were guilty of fraud, false swearing, and misrepresentation in submitting their proof of loss statement. At trial, the company attempted to prove that just prior to the fire the couple had moved the greater portion of the contents of their mobile home to Oklahoma and that certain items of personality claimed by respondents were not in the dwelling at the time of the fire.

The policy provided the following coverages: mobile home, $12,600; patio $1,000; and unscheduled personal property, $6,000. Respondents sued for $19,600, the aggregate face amount of their policy. The jury returned a verdict of $13,600.

The company moved for judgment *n. o. v.* on the ground that the amount of the verdict indicated that the jury gave no damages for the contents allegedly destroyed which, it is argued, amounted to an implicit finding that the respondents had fraudulently misrepresented their loss, which was sufficient to void the entire policy. Appellant now asserts error in the trial court's denial of this motion.

The contract terms are clear to the effect that a forfeiture for the whole loss will result when the insured falsely and fraudulently misrepresents the amount of his loss. To balance the harshness of this rule, courts have placed the heavy burden on the insurer to establish that the misrepresentation was willful, purposeful, and with the intention of defrauding the insurer. *Badger Mutual Ins. Co. v. Morgan,* 313 F. (2d) 783 (5th Cir., 1963); *Chaflin v. Franklin,* 110 U. S. 81, 3 S. Ct. 507, 28 L. Ed. 76 (1884). An overestimation or mistake in valuation on the part of the insured will not, in and of itself, establish fraud; the evidence must prove the insured's conduct was intended to cheat and deceive the insurer. *Mulkey v. U. S. Fidelity and Guaranty Co.,* 243 S. C. 121, 132 S. E. (2d) 278 (1963).

It is well settled that it is normally a question of fact for the jury to determine whether the insured acted in good faith in making the valuation or whether there was an intention on his part to defraud the insurer. *Annot.* 16 A. L. R. (3d) 774, 837 (1967).

The fact issues of fraud now raised by appellant were distinctly at issue and directly determined by the jury. The trial judge specifically instructed the jury that if any fraud on the part of the insureds was found, then a favorable verdict for respondents could not be returned. Their general verdict for the insured indicates that they discovered no fraud. As stated in 89 C. J. S. Trial § 521 (e)(2):

A general verdict for plaintiff is a finding in his favor on all the issues joined or necessary to sustain the cause of action, or on all the averments of the complaint material to recovery, although it does not necessarily find that plaintiff is entitled to recover the amount alleged to be due and does not impute a finding not essential to recovery.

Apparently, the jury did not accept the contention of the company that the Nabors were guilty of willful misrepresen-

tation or fraud nor did the jury agree with the Nabors' assessment of their property loss.

While the suit by the respondents was for $19,600 ■ and the jury returned only $13,600, the mere fact that the jury returns a verdict substantially less than the amount claimed by the insured is not presumptive proof of fraud such as would bar recovery on the policy. *Soler & Co., Inc. v. United Fireman's Ins. Co. of Philadelphia,* 299 U. S. 45, 57 S. Ct. 54, 81 L. Ed. 30 (1936).

The appellant would have us conclude that the $6,000 differential in the amount claimed by respondents and that returned by the jury is necessarily attributable to the jury not finding any amount due under the contents clause of the policy. To accept this position would be total conjecture on the part of this Court. One can theorize that the verdict was a result of general compromise equally as well as the reason attributed to it by appellant. Appellant did not request special verdicts in the case and for us to now assign portions of the general verdict to specific items of damages poses an insurmountable task.

For the foregoing reasons, we conclude that the lower court properly refused to grant appellant's motion for judgment *n. o. v.*

Affirmed.

LEWIS, C. J., LITTLEJOHN, NESS and GREGORY, JJ., concur.