0894

Judy Ann LINDER, Respondent-Appellant v. PARAMOUNT ACCEPTANCE CORPORATION, Appellant-Respondent.

(354 S. E. (2d) 567)

Court of Appeals

*Francenia B. Heizer,* Columbia, *for appellant-respondent.*

*Brian Dumas,* Columbia, *for respondent-appellant.*

Heard Nov. 19, 1986.

Decided March 16, 1987.

GARDNER, Judge:

Judy Ann Linder (Linder) brought this action against her former employer, Paramount Acceptance Corporation (Paramount),[1] for unpaid wages and the penalty provided by Section 41-11-170, Code of Laws of South Carolina (1976), as amended, and for common law fraud and deceit. A jury verdict in the amount of $14,000 was awarded Linder; this verdict, on motion for new trial *nisi,* was reduced to

---

[1] Paramount is in the business of collecting bad debts.

$13,746.68; Linder remitted the difference. Paramount appeals.

Subsequently Linder filed suit seeking to have the penalty clause in Section 41-11-170 run during the pendency of the appeal. Judge Anderson issued an Order of Abatement and Linder appeals. These appeals were consolidated; we affirm.

Section 41-11-170 provides, *inter alia*, (1) that when an employee is discharged all unpaid wages become immediately due and payable and directs that the employer shall pay the unpaid wages within 48 hours or by the next regular payday and (2) that, if not so paid, the wages must be paid within 30 days after the employee serves written notice of demand for the unpaid wages, (3) that within seven days of the written demand, the employee must personally call for payment at the usual place of payment, (4) a penalty provision, which provides that if the employer fails to so pay said unpaid wages after written demand and a personal call to collect them, the wages shall continue from the date of such written demand until paid and (5) that the employee may recover this penalty in a civil action if commenced within 60 days from the date of separation.

Linder was employed by Paramount as a collector of delinquent accounts in November 1983. While employed by Paramount, Linder was paid an hourly wage of $4.15 plus commissions of 2.5 percent on her collections. In addition Paramount paid Linder $50 per month for meeting a production quota and $100 per month if she were the top collector.[2]

During her second and third month of employment, Linder was Paramount's top collector; from this point, Linder's relationship with her supervisors deteriorated. The record discloses that a dispute arose over post-dated checks which were mailed in response to Linder's collection efforts; these post-dated checks were to be credited to Linder's account for purposes of determining commissions due and whether she was the top collector of the month. Linder testified that a large number of these checks were not credited to her account.

Linder was summarily discharged on May 1, 1984; she testified that she was not allowed to go back to her desk and

---

[2] These were referred to by the parties as bonuses.

that her employers delivered to her her personal belongings such as pencils, pictures of her child and award ribbons but failed to deliver her personal documentation of her collections.

Linder immediately employed an attorney who mailed a demand letter on May 10, 1984, setting forth unpaid wages of $309.75 in hourly wages, $332.50 in commissions and $465.00 in bonuses. In the meantime, Paramount had mailed to Linder on May 6, 1984, $342.46 for hourly wages due. On May 21, 1984, Paramount mailed Linder $33.04 for hourly wages and $333.62 for commissions due, but no letter of dispute accompanied these payments.

Linder failed to personally call for her unpaid wages at the place of her employment within seven days after making written demand for unpaid wages. As noted, this is required by Section 41-11-170 as a prerequisite for imposition of its penalty provision.

Within sixty days of the demand letter, Linder served the summons and complaint by which she alleged a cause of action for actual damages and a cause of action for the penalty under Section 41-11-170 and an action for fraud and deceit.

During the trial, Linder admitted that she had been paid the full amount of hourly wages to which she was entitled. At the conclusion of Linder's testimony, the court without objection allowed Paramount's answer to be amended to include an allegation regarding noncompliance with Section 41-11-170 in that Linder did not personally call for payment of the past-due wages within seven days as required by the statute; the court also allowed Paramount's answer to be amended to allege a good faith defense regarding Linder's entitlement to wages. The court also allowed Linder's complaint to be amended to include an allegation that one is not required to perform a futile act; this in reference to Linder's failure to call for the wages due her within seven days. The court also ruled that the defense of a good faith dispute was an affirmative defense and would be required to be established by Paramount within sixty days of the demand for the unpaid wages.

Paramount raises five issues; we address sequentially the arguments of merit.

In the first question presented, Paramount asserts that a good faith defense is unnecessary because it is incumbent upon a plaintiff in these actions to establish a lack of good faith on the part of the defendant. Paramount cites two Louisiana cases in support of this argument; however, the Louisiana statute[3] does not contain a provision requiring written notice like Section 41-11-210, Code of Laws of South Carolina (1976), which provides:

> Section 41-11-210. Unconditional payment of wages conceded due.
>
> In case of a dispute over wages the employer shall give written notice to the employee of the amount of wages which he concedes to be due and shall pay such amount without condition within the time set by this article. But acceptance by the employee of any payment made hereunder shall not constitute a release as to the balance of his claim.

Paramount failed to notify Linder in writing that it disputed her claims and the amount of wages which it conceded to be due her; having failed to do so, Paramount is in no position to assert that Linder must establish a lack of good faith and we so hold.

We next summarily reject Paramount's contention that the trial judge erred by submitting the good faith issue as a defense; we approve of the trial judge's charge on this issue; it was decided by the jury against Paramount and there is evidence of record to support their finding.

Paramount also purports to argue exceptions 12, 13 and 14 under this question (Question I). These exceptions allege error by the trial court in charging the jury that one is not required to perform a futile act. The judge charged this rule in connection with acts required under Section 41-11-170, Code of Laws of South Carolina (1976), as amended. However, nowhere under Question I does Paramount argue these exceptions. Nor are the exceptions noted under Question II where Paramount argues Linder's failure to comply with Section 41-11-170. That issue

---

[3] *See* La. Rev. Stat. Ann. Section 23:63 (West 1985).

is thus abandoned. *Davis v. Boyd*, 262 S. C. 679, 207 S. E. (2d) 101 (1974): South Carolina Supreme Court Rule 8, Sections 2 and 3.

In its second question, Paramount urges that its motion for non-suit, directed verdict and post-verdict motion for a new trial absolute should have been granted because of insufficient evidence to support the verdict. We reject this argument. There is evidence of record to support the verdict including the issue of futility in personally calling for the unpaid wages; our scope of review limits our inquiry to this finding.

Paramount's next contention is that the trial court erred in admitting over objection (1) testimony relating to compensation allegedly withheld prior to her last pay period and (2) testimony regarding her claim for unpaid bonuses. We find no merit in these arguments. Section 41-11-170 refers to unpaid wages and imposes no limitations as to when they become payable. Wages are statutorily defined by Section 41-11-110 (2), Code of Laws of South Carolina (1976), as amended, thusly:

> (2) "Wages" shall mean all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece or commission basis or other method of calculating such amount.

We hold that the type bonuses given to Linder and the other collectors fall within the statute's meaning of wages. *See Champion v. Hermitage Cotton Mills*, 98 S. C. 418, 82 S. E. 672 (1914) (where the Supreme Court held worker was laborer for wages under the statute since he was paid according to the number of "hanks" he made.) Under the above definition, the objections were properly sustained and we so hold.

In its fourth question Paramount argues that the trial judge erred in submitting to the jury plaintiff's cause of action based upon common law fraud. We reject this argument for two reasons.

First, although the plaintiff's testimony is conflicting, she does testify as to the necessary elements of fraud, including her reliance upon the representations about wages made to her when she first came to work for

Paramount. We are cognizant of the rule that the testimony of a witness must be read and considered as a whole, and, if upon such consideration there is only one reasonable conclusion that can be drawn therefrom, any contrary finding would be an error of law. *Young v. Hyman Motors*, 199 S. C. 233, 19 S. E. (2d) 109 (1942). But, on the other hand, the well-established rule in this state is that if there is any testimony whatever to go to the jury on an issue involved in a case, or even if more than one inference can be drawn from the testimony, then it is the duty of the judge to submit the cause to the jury. This is true even if a witness in his testimony makes conflicting statements. The credibility of witnesses is entirely for the jury. *Davenport v. Woodside Cotton Mills Co.*, 225 S. C. 52, 80 S. E. (2d) 740 (1954). Linder testified at one point in her testimony that she did not rely on the representations made by Paramount; however, on re-direct she testified that she did believe the alleged fraudulent representations on the day she started working. We hold the evidence as to reliance on a representation Linder believed to be true is sufficient to submit the cause of action based upon common law fraud to the jury.

Next, the jury resolved the cause of action based upon common law fraud against Linder; for this reason, we hold that, even if the cause of action were erroneously submitted to the jury, it was harmless error. *New Foundation Baptist Church v. Davis*, 257 S. C. 443, 186 S. E. (2d) 247 (1972).

Paramount asserts abuse of discretion by the trial judge in admitting over objection certain testimony. We have carefully reviewed this testimony and find no merit in the arguments; we therefore summarily reject these contentions; there was no abuse of discretion here and we so hold.

Lastly, we do not reach Linder's appeal of its second suit against Paramount. Linder's exceptions do not contain a concise statement of one proposition of law or fact for the court to review as to why the trial court should have determined the matter during the pendency of an appeal from substantially the same case. South Carolina Supreme Court Rule 4, Section 6.

For the reasons given, the judgment below is affirmed.
Affirmed.

SANDERS, C. J., and SHAW, J., concur.