### 1390

James D. STROUD, Appellant v. Daustin L. STROUD, d/b/a Diesel and Hydraulic Repairs, Respondent.

(385 S. E. (2d) 205)

Court of Appeals

*Charles B. Ridley, Jr.* of *Ridley & Burnette,* Rock Hill, *for appellant.*

*John C. Hayes, III* of *Hayes, Brunson & Gatlin,* Rock Hill, *for respondent.*

Heard June 7, 1989.

Decided Sept. 5, 1989.

SHAW, Judge:

Appellant James D. Stroud brought this action against his brother, respondent Daustin L. Stroud, d/b/a Diesel and Hydraulic Repairs. A jury awarded James $4,765.17, the amount of his medical bills. James then moved "for new trial, new trial nisi judgment and judgment obstante veredicto." The judge granted a new trial nisi additur recommending a $4,000.00 additur. Daustin accepted the additur. James appeals and we affirm.

James contends the trial judge erred by refusing to charge the collateral source rule, refusing to charge "loss of enjoyment of life as an element of actual damages," ordering an

additur instead of a new trial and in determining the amount of the additur.

James was injured in September 1985 when visiting his brother's repair shop. A tractor engine assembly suspended by a hoist fell on both his legs causing injury to both. Surgery was required on one knee. The record reveals he has been unemployed since 1981 as a result of a disabling injury. He now draws social security benefits. He suffered a heart attack in 1986 and his overall condition prevents him from doing any strenuous activity.

Under the collateral source rule a wrongdoer is not entitled to have the damages to which he is liable reduced by proving that the plaintiff has received and will receive compensation or indemnity for the loss from a collateral independent source. *New Foundation Baptist Church v. Davis,* 257 S. C. 443, 186 S. E. (2d) 247 (1972). *Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797 (1969). Here, James is receiving social security disability benefits and had tried to secure medical treatment at a veterans' hospital. He claims this might have led the jury into believing he was being cared for from one of these agencies because the jury awarded only his medical bills. However, James testified that he received no veteran's assistance "on account it wasn't service connected." We hold the jury was properly informed by testimony as to the actual situation of James and we hold the trial judge was correct in refusing to charge the collateral source rule.

The next issue is whether the judge abused his discretion by refusing to charge "loss of enjoyment of life" as an element of damages. Loss of enjoyment of life is not a separate species of damage deserving a distinct award, but instead is only an element of general damages for pain and suffering. *McDougald v. Garber,* 73 N. Y. (2d) 246, 538 N. Y. S. (2d) 937, 536 N. E. (2d) 372 (1989); *Nussbaum v. Gibstein,* 73 N. Y. (2d) 912, 539 N. Y. S. (2d) 289, 536 N. E. (2d) 618 (1989); *Leonard v. Parrish,* 420 N. W. (2d) 629 (Minn. App. 1988). This element of loss was adequately covered by the judge's general instructions on damages.

The final issue is whether the trial judge abused his discretion in granting a new trial nisi additur.

Section 15-27-150 of the 1976 South Carolina Code of Laws provides:

> Circuit courts may grant new trials in cases in which there has been a trial by jury. Such new trials may be granted for reasons for which new trials have usually been granted in the courts of law in this state.

Here, James moved "for new trial, new trial nisi judgment and judgment obstante veredicto." The judge granted a new trial nisi additur recommending a $4,000.00 additur. Daustin accepted the additur. James, by making the motions, inferentially, if not conclusively, consented to the trial judge's decision. He got the relief he asked for but didn't get the amount he desired. Few plaintiffs do. A plaintiff can neither be a judge nor a juror in his own case.

Motions for a new trial on the ground of either excessiveness or inadequacy are addressed to the sound discretion of the trial judge. His exercise of such discretion, however, is not absolute and it is the duty of this Court in a proper case to review and determine whether there has been an abuse of discretion amounting to an error of law. *Toole v. Toole*, 260 S. C. 235, 195 S. E. (2d) 389 (1973).

In actuality, the import of a new trial nisi additur or nisi remittitur is a suggestion on the part of the judge of a settlement figure. If the party ruled against agrees to the suggested amount he may not complain. The prevailing party having asked for the relief must likewise be content with the determination. *Graham v. Whitaker*, 282 S. C. 393, 321 S. E. (2d) 40 (1984).

We hold all other issues in this case are manifestly without merit. S. C. Code Ann. 14-8-250 (Supp. 1988).

Affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.