1972

Harry M. JOHNSTON, Respondent v. AIKEN AUTO PARTS, Appellant.

(428 S.E. (2d) 737)

Court of Appeals

*Clark W. McCants, III,* of *Braithwaite & McCants, Aiken, for appellant.*

*Barry H. Johnson,* of *Johnson, Johnson, Whittle, Snelgrove & Weeks,* Aiken, *for respondent.*

Heard Feb. 18, 1993; Decided March 15, 1993.

Reh. Den. April 22, 1993.

GOOLSBY, Judge:

Harry M. Johnston brought this action against Aiken Auto Parts for injuries and property damage that he sustained in an accident with an Aiken Auto Parts employee. The jury awarded him $9,500 for property damage to his car and $12,500 for "other general damages." Aiken Auto Parts appeals an evidentiary ruling and the trial judge's charge of the life expectancy tables. We affirm.

I.

Prior to the accident, Johnston paid Saga Holidays $3,038 for a two-week vacation package. Because of the accident, however, Johnston cancelled the vacation. Aiken Auto Parts objected to evidence of the cost of the vacation package because Johnston suffered no loss in that Johnston received a total refund of the price he paid therefor pursuant to a medical cancellation clause in his contract with Saga Holidays. In addition to admitting the disputed evidence, the trial judge held that Aiken Auto Parts could not present evidence of the refund under the collateral source rule. Aiken Auto Parts attacks both rulings.

Under the "collateral source rule," a tortfeasor has no right to any mitigation of damages because of payments or compensation received by the injured person from a source wholly independent of the wrongdoer. *New Found. Baptist Church v. Davis,* 257 S.C. 443, 186 S.E. (2d) 247 (1972); *Young v. Warr,* 252 S.C. 179, 165 S.E. (2d) 797 (1969). Stated somewhat differently, a wrongdoer is not entitled to have the damages for which the wrongdoer is liable re-

duced by proving that the plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of the wrongdoer. *Rattenni v. Grainger*, 298 S.C. 276, 379 S.E. (2d) 890 (1989); *Stroud v. Stroud*, 299 S.C. 394, 385 S.E. (2d) 205 (Ct. App. 1989).

A tortfeasor cannot take advantage of payments or services rendered by a collateral source for the plaintiff's benefit, irrespective of whether the source is an insurance company, an employer, a family member, or other source. 11 S.C. Juris. *Damages* § 11, at 31 (1992); *see* 22 Am. Jur. (2d) *Damages* §§ 570-90, at 641-56 (1988) (discussing applicability of rule to particular services and benefits). In South Carolina, "a negligent defendant is not entitled to enjoy the fruits of fortuitous circumstances, employer generosity, or diligent effort on the part of the injured plaintiff." *Steeves v. United States*, 294 F. Supp, 446, 457 (D.S.C. 1968). Rather, South Carolina, as do most other jurisdictions, "allows the plaintiff the benefit of both gratuitous benefits and nongratuitous benefits arising from employment, insurance, or *other contractual agreements.*" 11 S.C. Juris, *supra* (emphasis added); *see also* RESTATEMENT (SECOND) OF TORTS § 920A, cmt. b. (1979) (it is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor; the law does not differentiate between the nature of the benefit, so long as it did not come from the defendant or a person acting for him; it is the tortfeasor's responsibility to compensate for all the harm that he causes, not confined to the net loss that the injured party receives).

Here, the trial judge, based on the collateral source rule, properly admitted evidence of the cost of the vacation package and properly excluded evidence of the refund Johnston received from Saga Holiday. The refund came from a source wholly unconnected with Aiken Auto Parts.

The result we reach here is no different than if there had been no medical cancellation provision that required a refund and Saga Holiday had gratuitously given Johnston his money back. *Cf. New Found. Baptist Church v. Davis*, 257 S.C. 443, 186 S.E. (2d) 247 (1972) (where a church suffered damages caused by the defendant contractor's negligence and a church

trustee donated his time to repair the church building, the collateral source rule prevented a reduction in the amount of recovery against the contractor for the trustee's donation).

We do not reach the issue of prejudice. *See First State Sav. and Loan v. Phelps*, 299 S.C. 441, 385 S.E. (2d) 821 (1989) (both error and resulting prejudice must be shown to secure a reversal because of the exclusion of evidence); *Mali v. Odom*, 395 S.C. 78, 367 S.E. (2d) 166 (Ct. App. 1988) (both error and prejudice must be shown to secure a reversal based on the admission of evidence); *Nabors v. South Carolina Farm Bureau Mutual Ins. Co.*, 273 S.C. 126, 129, 255 S.E. (2d) 337, 338 (1979) (" 'A general verdict for plaintiff . . . does not necessarily find that plaintiff is entitled to recover the amount alleged to be due, and does not impute a finding not essential to recovery.' "), *overruled on other grounds by Johnson v. South State Ins. Co.*, 288 S.C. 239, 341 S.E. (2d) 793 (1986); *Kelly v. Brazell*, 253 S.C. 564, 568, 172 S.E. (2d) 304, 306 (1970) (where a jury returned a general verdict, the supreme court noted it had no way of knowing whether future medical was allowed); *cf. also Anderson v. West*, 270 S.C. 184, 241 S.E. (2d) 551 (1978) (a verdict will not be reversed where a jury returns a general verdict in a case involving two or more issues or defenses and the jury's verdict is supported by at least one issue or defense).

## II.

During his instructions to the jury, the trial judge charged the South Carolina Life Expectancy Tables. S.C. Code Ann. § 19-1-150 (1985). Aiken Auto Parts objected to the charge because no expert witness testified Johnston suffered any permanent injury. Aiken Auto Parts argues the charge was inappropriate. We disagree.

A trial judge may properly charge the life expectancy tables to the jury in a personal injury action when there is evidence of "permanent injury." *Gethers v. Bailey*, 306 S.C. 179, 410 S.E. (2d) 586 (Ct. App. 1991); *cf. Hall v. Palmetto Enterprises II, Inc.*, 282 S.C. 87, 317 S.E. (2d) 140 (Ct. App. 1984) (case wherein there was no expert medical testimony and the court held the jury could infer that the injury was permanent).

Here, there was evidence of "permanent injury." Johnston testified his right knee "never has gotten right." He also testified without objection that "[n]othing can be done" about his knee, such as inserting a prosthesis, because "[i]t's too badly damaged."

Affirmed.

CURETON, J., and LITTLEJOHN, Acting J., concur.