2246

Timi KALCHTHALER, Appellant v. Pearl J. WORKMAN, Respondent.
(450 S.E. (2d) 621)

Court of Appeals

500

*Douglas F. Patrick* and *Stephen R.H. Lewis, Covington, Patrick, Hagins & Lewis,* Greenville, *for appellant.*

*W. Francis Marion, Jr.* and *Harry L. Phillips, Jr., Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondent.*

Submitted Oct. 4, 1994.

Decided Oct. 24, 1994.

GOOLSBY, Judge:

Timi Kalchthaler brought this action in November 1991 against Pearl J. Workman seeking to recover for injuries sustained in an automobile accident on July 30, 1990. The jury returned a verdict for Kalchthaler covering only part of her medical expenses and expressly declined to award any damages for loss of wages or pain and suffering. The trial judge thereafter granted Kalchthaler's alternative motion for a new trial nisi additur. Kalchthaler appeals, challenging (1) the trial judge's failure to give a curative instruction to the jury and to admonish Workman's counsel following an objection to an improper closing argument and (2) the trial judge's failure to grant her motion for a new trial based on the ground of inadequacy of the verdict. We affirm.[1]

After the jury returned a verdict in her favor for $2,600, Kalchthaler moved for a new trial on the issue of damages and alternatively for a new trial nisi additur. Kalchthaler suggested the trial judge consider "an amount up to $15,000." The trial judge granted Kalchthaler's motion for an additur and added $2,553.76 for medical expenses. The added amount together with the amount awarded by the jury would compensate Kalchthaler fully for only her medical expenses.

1. We need not address the merits of Kalchthaler's ■ complaint concerning the trial judge's failures to give curative instructions to the jury and to admonish opposing counsel following an allegedly improper remark made by opposing counsel during closing argument.

Workman's counsel made the following statement when making his closing argument:

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

And she goes back [to Dr. Irvine] in November and it just so happens that she goes back on November the 12th, and the records of this court will show that this lawsuit was filed November the 13th. And she goes back for a course of treatment after that.

Kalchthaler's lawyer objected, arguing that the date the suit was filed was irrelevant and not a matter of record. In an express response to the objection, the trial judge told the jury:

Madam Forelady and other ladies and gentlemen of the jury, you are the sole judges of the facts. And I again instruct you in ongoing instruction, don't take what the attorneys say as being testimony or evidence in this case.

Because Kalchthaler's lawyer voiced no complaint about the sufficiency of the trial judge's instructions given in response to the objection and because he requested neither additional instructions addressed to the jury nor an admonition addressed to opposing counsel, appellate review of the issues directed at the trial judge's failure to give curative instructions and to admonish opposing counsel is unavailable. *McElveen v. Ferre,* 299 S.C. 377, 385 S.E. (2d) 39 (Ct. App. 1989).

In any case, Kalchthaler's lawyer waived the objection to any failure by the trial judge to give the jury curative instructions and to admonish opposing counsel regarding his remarks about the action's filing date. When he began his rebuttal argument, Kalchthaler's lawyer himself stated, "You just found out why [sic] the lawsuit was filed. It was filed in November of 1991."

Moreover, we are satisfied any failure by the trial judge to give curative instructions to the jury and to admonish opposing counsel after opposing counsel made the offending comments did not so affect the jury as to amount to prejudicial error and require a new trial. *See Sharp Elec. Corp. v. Romeka,* 513 So. (2d) 721 (Fla. Dist. Ct. App. 1987) (the plaintiff's counsel's improper comments during final argument and the trial judge's failure to make direct and definitive rulings on some of the defendant's objections to the comments did not so affect the jury's verdict as to amount to harmful error and require a new trial).

Indeed, any failures by the trial judge aside, we are at a loss to understand how opposing counsel's telling the jury Kalchthaler filed the instant action one day after making a return visit to her doctor "arouse[d]," as Kalchthaler argues in her brief, "the passion and prejudice of the jury by implying that the lawsuit filing date affected [Kalchthaler's] credibility regarding her injuries."

■ 2. The trial judge's failure to grant Kalchthaler a new trial on the ground of inadequacy of the verdict furnishes no basis for a reversal of the judgment below.

Kalchthaler is in no position to complain about the amount of the additur. Her own counsel recommended an additur in an amount *"up to $15,000."* (Emphasis added.) Clearly, the trial judge's $2,553.76 additur, which Workman accepted, falls within this range, albeit at the lower end.

This court has held that

> [T]he import of a new trial nisi additur or nisi remittitur is a suggestion on the part of the judge of a settlement figure. If the party prevailed against agrees to the suggested amount he may not complain. The prevailing party having asked for the relief must likewise be content with the determination.

*Stroud v. Stroud*, 299 S.C. 394, 397, 385 S.E. (2d) 205, 206 (Ct. App. 1989). Kalchthaler, then, will not be allowed to challenge the sufficiency of the additur merely because the trial judge in his discretion declined to award Kalchthaler as high an additur as she would have liked to have had.

■ We likewise find no error in the trial judge's failure to grant Kalchthaler a new trial absolute based on inadequacy of the verdict. The amount of the verdict is not so shockingly disproportionate to the injuries Kalchthaler sustained as to indicate "passion, caprice, prejudice, or some other influence outside the evidence" motivated the jury's decision. *O'Neal v. Bowles*, — S.C. —, —, 431 S.E. (2d) 555, 556 (1993). We particularly note her claim for pain and suffering was one that peculiarly fell within the province of the jury to weigh and determine. *See Haskins v. Fairfield Elec. Coop.*, 283 S.C. 229, 321 S.E. (2d) 185 (Ct. App. 1984), *overruled on other grounds by O'Neal v. Bowles*, — S.C. —, 431 S.E. (2d) 555 (1993) (damages for pain and suffering are indeterminate

in character and therefore must be left to the jury's discretion).

Affirmed.

CURETON, J., concurs.

CONNOR, J., concurs in a separate opinion.

CONNOR, Judge (concurring):

I concur with the majority in result only. I agree the statement made by Workman's attorney in closing argument concerning the date of filing of the lawsuit was harmless. The statement did not affect the jury's verdict. Therefore, a new trial was not required. I would affirm Kalchthaler's first issue on this basis.

I disagree with the majority that because Kalchthaler received *some* amount as an additur, she is barred from challenging that amount. The Supreme Court in *O'Neal v. Bowles,* — S.C. —, 431 S.E. (2d) 555 (1993), clearly and succinctly capsuled our standard of review when considering the appropriateness of the trial judge's ruling on a new trial *nisi* or a new trial absolute:

> The trial judge *alone* has the power to grant a new trial *nisi* when he finds the amount of the verdict to be merely inadequate or excessive. The denial of a motion for a new trial *nisi* is within the trial judge's discretion and will not be reversed on appeal absent an abuse of discretion. If the amount of the verdict is *grossly* inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial judge must grant a new trial absolute. The failure of the trial judge to grant a new trial absolute in this situation amounts to an abuse of discretion and on appeal this Court will grant a new trial absolute. Therefore, on appeal of the denial of a motion for a new trial *nisi*, this Court will reverse when the verdict is grossly inadequate or excessive requiring the granting of a new trial absolute.

*Id.* at —, 431 S.E. (2d) at 556.

Under the majority's view, if a party made a new trial *nisi* motion and the trial court ordered one dollar more or less

than the jury's verdict, that party would be barred from having the appellate court review the appropriateness of the amount of the verdict. *O'Neal* requires that we review a verdict and reverse if it is grossly inadequate or excessive, regardless of whether the motion is one for a new trial *nisi* or for a new trial absolute.

Having reviewed the circumstances of this case, however, I would not find Kalchthaler's final verdict of $5,153.76, which included an additur of $2,553.76 by the trial judge, grossly inadequate.