2394

Joe K. ESTES, Jr., Appellant v. Ryan Alan GRAV, Respondent.
(462 S.E. (2d) 561)

Court of Appeals

*S. Michael Camp*, Rock Hill, *for appellant.*

*Beverly A. Carroll*, of *Kennedy, Covington, Lobdell & Hickman*, Rock Hill, *for respondent.*

Submitted Sept. 11, 1995.

Decided Sept. 18, 1995.

GOOLSBY, Judge:

Joe K. Estes brought this automobile accident action against Ryan Alan Grav. Grav admitted liability, and the jury found damages for Estes in the amount of $408.73. The trial court subsequently granted Estes's motion for a new trial *nisi additur*, ordering a new trial unless Grav agreed to pay Estes an additional $500.00 in damages. Grav agreed to pay the additional amount. Estes appeals. The questions on appeal concern the admission into evidence of a deposition, the condition imposed by the trial court in its grant of the new trial *nisi additur*, and the failure of the trial court to sanction Grav pursuant to Rule 37(c), SCRCP. We affirm.[1]

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

## I.

Estes argues Grav should not have been allowed to admit into evidence the deposition of Dr. John H. Caughran pursuant to Rule 26(b)(4)(B), SCRCP. Estes, however, has not properly preserved this issue for our review. Also, the argument lacks merit.

Estes's pretrial motion to exclude Dr. Caughran's deposition from the evidence did not preserve the Rule 26(b)(4)(B) issue for review. Estes never gave Rule 26(b)(4)(B) as a ground for his motion to exclude the testimony; thus, the trial court never ruled on the issue. *Schofield v. Richland County Sch. Dist.*, 316 S.C. 78, 447 S.E. (2d) 189 (1994).

Even had Estes preserved the issue for appellate review, his argument would be without merit. Rule 26(b)(4)(B) provides a party must show exceptional circumstances to discover facts known or opinions held by an expert retained or employed by the opposing party in anticipation of litigation, but who is not expected to testify. Here, however, Estes did not retain Dr. Caughran in anticipation of litigation. Rather, Estes saw Dr. Caughran as a treating physician for neck and back pain Estes attributed to another automobile accident on March 29, 1991. Dr. Caughran prescribed treatment for him and saw him again later to check his progress.

## II.

Estes complains of the trial court's conditioning its grant of a new trial on the refusal by Grav to pay $500.00 in additional damages. He says the amount is not "adequate . . . considering the evidence presented at trial."

After the jury verdict, Estes moved for a new trial *nisi additur* and, in the alternative, for a new trial absolute. Estes did not ask the trial court to specify a particular amount to be added to the jury's verdict when he made his motion for a new trial *nisi additur*. As noted above, the trial court granted Estes's motion for a new trial *nisi additur* and Grav thereafter agreed to pay the jury's verdict and the additional amount fixed by the trial court.

"[T]he import of a new trial *nisi additur* or *nisi remittitur* is a suggestion on the part of the [trial court] of a settlement figure." *Stroud v. Stroud*, 299 S.C. 394, 397, 385 S.E. (2d) 205, 206 (Ct. App. 1989). If the party opposing the motion for a

new trial *nisi additur* later agrees to pay the amount suggested by the trial court, the opposing party cannot thereafter complain. *Id.* Having asked for the relief and having received it, the moving party is likewise bound. *Id.* Here, Estes did not ask the trial court to condition the grant of a new trial on Grav's refusal to pay any particular sum over and above the jury's verdict. Thus, Estes got exactly what he asked for when the trial court ordered a new trial unless Grav paid an additional $500.00 in damages. Estes cannot now be heard to complain that the trial court's suggestion is inadequate. *See Kalchthaler v. Workman*, 316 S.C. 499, 502, 450 S.E. (2d) 621, 623 (Ct. App. 1994) (the trial court did not abuse its discretion in granting a new trial *nisi additur* in the amount of $2,553.76 where the plaintiff's motion specified "an amount 'up to $15,000'" and in denying a motion for a new trial absolute where the verdict was not so shockingly disproportionate to the injuries sustained as to indicate some influence outside the evidence motivated the jury's decision).

Furthermore, the trial court did not abuse its discretion in failing to grant a new trial absolute. *See O'Neal v. Bowles*, 314 S.C. 525, 431 S.E. (2d) 555 (1993) (the trial court must grant a new trial absolute if the amount of a verdict is *grossly* inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence). Evidence that Estes had suffered another accident two weeks prior to the one in question raised the issue of which accident caused Estes's alleged physical problems. Moreover, testimony that Estes did not tell his treating physician of the other accident seriously undermined Estes's credibility.

### III.

Finally, Estes contends the trial court abused its discretion in not assessing Estes's expert witness fee against Grav as a sanction for Grav's failure to admit the genuineness of certain medical records pursuant to Rule 37(c), SCRCP.

Under Rule 37(c), "[i]f a party fails to admit the genuineness of any document . . . as requested under Rule 36," and if the party who requested the admission "thereafter proves the genuineness of the document," the requesting party may then apply to the court for an order requiring the other party

to pay the reasonable expenses incurred by the requesting party "in making that proof."

Here, Estes requested Grav to admit the genuineness of the records of Carolina Orthopedic Surgery, of which Dr. McCarthy was a member. Grav responded, "The Defendant objects to this request. Although it appears that these records are those of the treating physicians, the [Defendant] will not agree to the submission of these records as such is hearsay." Estes subsequently subpoenaed Dr. McCarthy, who testified at trial on his behalf. Dr. McCarthy apparently charged Estes $750 for the time he spent in coming to court and testifying, a fee Estes now wishes to recover from Grav.[2]

The imposition of sanctions under Rule 37 is generally entrusted to the sound discretion of the trial court. *Downey v. Dixon*, 294 S.C. 42, 362 S.E. (2d) 317 (Ct. App. 1987). We discern no abuse of discretion here. Although Grav objected to the requested admission, Grav also effectively admitted the records were genuine when he acknowledged the records appeared to be those of the treating physicians and limited his objection to the records' admissibility.[3]

Affirmed.

CURETON and HEARN, JJ., concur.

<hr />

[2] We note that while a party is allowed to pay an expert witness fee, a subpoenaed witness shall receive only $25.00 per day plus mileage pursuant to Rule 45(g), SCRCP.

[3] Nothing in the record suggests Estes deemed Grav's answer regarding the mere "genuineness" of the documents in question as being in any way insufficient. *See* SCRCP, Rule 36(a) ("The party who has requested the admissions may move to determine the sufficiency of the answers or objections.").