**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

William Breland, Respondent,

v.

South Carolina Department of Transportation, Appellant.

Appellate Case No. 2014-000168

———————————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-089
Heard January 7, 2016 – Filed February 24, 2016

———————————

**AFFIRMED**

———————————

Richard B. Ness, Norma Anne Turner Jett, Alison Dennis Hood, and Adam Christopher Ness, all of Ness & Jett, LLC, of Bamberg, for Appellant.

John S. Nichols and Blake Alexander Hewitt, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, and  J. Christopher Wilson and Daniel W. Luginbill, both of Wilson & Luginbill, LLC, of Bamberg for Respondent.

———————————

**PER CURIAM:**  The South Carolina Department of Transportation appeals several of the circuit court's evidentiary rulings, including the court's admission of a Google Street View photograph and life expectancy tables, and the court's exclusion of the plaintiff's criminal record.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the admission of the Google Street View photograph: *Proctor v. Dep't of Health & Envtl. Control*, 368 S.C. 279, 312-13, 628 S.E.2d 496, 514 (Ct. App. 2006) ("The admission of evidence is within the trial court's discretion.  The court's ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law." (citations omitted)); *id.* at 313, 628 S.E.2d at 514 ("The trial court's decision will not be reversed on appeal unless it appears the trial court clearly abused its discretion and the objecting party was prejudiced by the decision."); Rule 901(a), SCRE (addressing the authentication of evidence sought to be introduced at trial and stating "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"); *Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 64-65, 773 S.E.2d 607, 610 (Ct. App. 2015) ("'[T]he burden to authenticate . . . is not high' and requires only that the proponent 'offer[ ] a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" (alternations in original) (quoting *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014)); *id.* at 65, 773 S.E.2d at 610 ("The authentication requirement does not demand that the proponent of . . . evidence conclusively demonstrate [its] genuineness . . . .") (alterations in original) (quoting 29A Am. Jur. 2d Evidence § 1045 (2008)).

2.  As to the issue of constructive notice:  *Ford v. S.C. Dep't of Transp.*, 328 S.C. 481, 487, 492 S.E.2d 811, 814 (Ct. App. 1997) ("In South Carolina, the Department of Transportation can be held liable for damages caused by the fall of a tree standing within the limits of or in close proximity to a public highway. Liability depends on whether the Department knew, or in the exercise of reasonable care should have known, that the condition of the tree would make it hazardous to persons or property in the immediate vicinity."); *id.* ("This liability arises from the Department's duty to use reasonable care to keep streets and highways within its control in a reasonably safe condition for public travel."); *Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 123, 165 S.E.2d 627, 630 (1969) (Bussey, J., dissenting) ("When liability of a defendant, if any, is predicated upon constructive notice, . . . the instances are, indeed, rare in which a plaintiff can

prove constructive notice by other than circumstantial evidence . . .; *id.* ("The pivotal question . . . is whether there was evidence from which the jury might reasonably infer that the defendant, by the exercise of reasonable diligence, should have known of the hazard . . . which caused the injury to the plaintiff.").

3.  As to the circuit court's charging the life expectancy tables:  *Johnston v. Aiken Auto Parts*, 311 S.C. 285, 288, 428 S.E.2d 737, 739 (Ct. App. 1993) ("A trial judge may properly charge the life expectancy tables to the jury in a personal injury action when there is evidence of 'permanent injury.'"); *id.* (affirming the trial court's charging the life expectancy table when plaintiff testified his injured knee had "never gotten right" and was too badly damaged to receive a prosthesis); *Wilder v. Blue Ribbon Taxicab Corp.*, 396 S.C. 139, 148, 719 S.E.2d 703, 708 (Ct. App. 2011) ("The amount of damages suffered in a personal injury action is a question for the fact-finder.  Future damages are generally recoverable in personal injury actions as long as the damages are reasonably certain to result in the future from the injury." (citations omitted)); *id.* (affirming the jury's award of future damages when the plaintiff testified "she continued to experience pain nearly three years after the accident").

4.  As to the circuit court's exclusion of Breland's prior criminal convictions:  *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("The admission of evidence concerning past convictions for impeachment purposes remains within the trial judge's discretion, provided the judge conducts the analysis mandated by the evidence rules and case law."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Colf*, 337 S.C. 622, 626, 525 S.E.2d 246, 248 (2000) (noting the Fourth Circuit has explicitly held evidence of remote convictions should only be admitted for impeachment purposes in exceptional circumstances); *id.* at 626-27, 525 S.E.2d at 248 ("Rule 609(b) establishes a presumption against admissibility of remote convictions, and the State bears the burden of establishing facts and circumstances sufficient to substantially overcome that presumption." (citation omitted)).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**