**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Yul Graham, Appellant.

Appellate Case No. 2017-000205

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2019-UP-298
Submitted June 1, 2019 – Filed August 21, 2019

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Yul Graham appeals his conviction for shoplifting and sentence of seven years' imprisonment suspended to three years' imprisonment and three years' probation. On appeal, Graham argues the trial court erred by (1) failing to

sustain his objection to the State's unconstitutional shifting of the burden of proof in its closing argument, (2) charging the jury on the statutory permissive inference and allowing the State to argue the permissive inference in its closing argument, and (3) allowing statements made by Graham to be introduced at trial.  We affirm.[1]

1.  As to whether the trial court abused its discretion by overruling Graham's third objection during the State's closing argument: *State v. Northcutt*, 372 S.C. 207, 222, 641 S.E.2d 873, 881 (2007) ("A trial [court] is vested with broad discretion in dealing with the range of propriety of closing argument, and ordinarily his rulings on such matters will not be disturbed."); *id.* ("The appellant has the burden of showing that any alleged error in argument deprived him of a fair trial."); *id.* ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.").[2]

2.  As to whether the trial court abused its discretion by charging the jury on permissive inference: *State v. Mattison*, 388 S.C. 469, 478, 697 S.E.2d 578, 583 (2010) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 464 (Ct. App. 2003)); *State v. Santiago*, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct. App. 2006) ("If there is any evidence to support a jury charge, the trial [court] should grant the requested charge."); *id.* ("An appellate court will not reverse the trial [court's] decision regarding jury charges absent an abuse of discretion."); S.C. Code Ann. § 16-13-120 (2018) ("It is permissible to infer that any person wil[l]fully concealing unpurchased goods or merchandise of any store or other mercantile establishment either on the premises or outside the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] To the extent Graham argues the trial court erred regarding its disposition of Graham's first two objections, we find Graham waived any error because the trial court addressed Graham's objections by cautioning the State not to burden shift and directing the State to use different language and Graham did not seek any further action from the court.  *See Kalchthaler v. Workman*, 316 S.C. 499, 502, 450 S.E.2d 621, 622 (Ct. App. 1994) (finding the appellant "waived the objection to any failure by the trial [court] to give the jury curative instructions and to admonish opposing counsel regarding his remarks" when he failed to voice a complaint as to the trial court's instructions given in response to the objection); *State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App. 2010) ("When an objecting party is sustained, the trial court has rendered a favorable ruling, and therefore, it becomes necessary that the sustained party move to cure, or move for a mistrial if such a cure is insufficient, in order to create an appealable issue.").

premises of the store has concealed the article with the intention of converting it to his own use without paying the purchase price thereof within the meaning of [s]ection 16-13-110. It is also permissible to infer that the finding of the unpurchased goods or merchandise concealed upon the person or among the belongings of the person is evidence of wil[l]ful concealment.").

3. As to whether the trial court erred by admitting Graham's statement that he "did it to see if he could get one over on them" into evidence: *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("On appeal, the conclusion of the trial [court] as to the voluntariness of a statement will not be reversed unless so erroneous as to show an abuse of discretion."); *id.* at 378-79, 652 S.E.2d at 448 ("[T]he appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *State v. Lynch*, 375 S.C. 628, 634, 654 S.E.2d 292, 295 (Ct. App. 2007) (holding statements made to private persons are not subject to *Miranda* requirements).[3]

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[3] To the extent Graham argues his other statements should not have been admitted, we find arguments regarding those statements not preserved for appellate review. Irving Lionel Lewis and Officer Christopher Wayne Yarborough testified similarly regarding Graham's other statements; however, Graham did not object to Lewis's testimony at trial. *See State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) ("To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court.").