18827

F. Lewis RIDDLE, Respondent, v. CITY OF GREENVILLE, S. C., and County of GREENVILLE, S. C., Appellants.

(163 S. E. (2d) 462)

*Messrs. E. P. Riley* and *W. H. Arnold,* of Greenville, *for Appellants,*

*Robert A. Clay, Esq.,* of Greenville, *for Respondent.*

September 30, 1968.

BUSSEY, Justice.

In this action plaintiff-respondent, Riddle, recovered a verdict for damages in the amount of $22,500.00 against the defendants-appellants, City of Greenville and County of Greenville. Appeal is from the denial of the appellants' motions for nonsuit, directed verdict, judgment *non obstante veredicto* and a new trial.

The defendants, City of Greenville and County of Greenville, acquired the former Donaldson Air Force Base property, a tract of land containing approximately 2600 acres,

which is now operated as an industrial park known as Donaldson Center. On this tract they have sold and/or leased various parcels to various entities for industrial uses, including, *inter alia,* certain chemical operations. One of such industrial concerns is Ling-Tenco-Vought Electrosystems, Inc., which for brevity will be hereinafter referred to simply as LTV. In connection with the industrial center the defendants own and operate a sewer disposal plant which is used in common by the various industries, the discharge from said disposal plant being into a stream known as Huff Creek, which originates at some undisclosed point in Donaldson Center.

The plaintiff Riddle owns, lives upon and operates a 142 acre dairy farm which lies to the south of Donaldson Center. Huff Creek, as it leaves Donaldson Center, flows for a distance along the eastern boundary of the Riddle property; then for some 1900 feet through the Riddle property, and again along the eastern boundary thereof.

The instant action was instituted by the plaintiff on October 15, 1965, and simultaneously therewith he instituted an action against LTV. Precisely what was involved in the action against LTV does not clearly appear from the record before us, but it does appear that plaintiff sought to recover damages because of the alleged discharge of certain elements into Huff Creek by LTV. The action in LTV was in Federal court, and plaintiff therein obtained a judgment in the amount of $32,000.00 on April 6, 1966. At the time of the trial of the instant case, in November 1966, there was pending in the LTV case a motion for a judgment *non obstante veredicto,* and it is conceded by the briefs of counsel that said action was concluded after the trial of the instant action, plaintiff receiving for his judgment against LTV the sum of $26,000.00.

In the instant action, plaintiff evidently experienced some difficulty in determining just how to proceed. He thrice amended his complaint and finally, on November 25, 1966, served a supplemental complaint upon which the case was

tried. The gravamen of this complaint is that the alleged pollution of Huff Creek by the discharge from the disposal plant into Huff Creek damaged plaintiff's real property and resulted in a taking of his property, without just compensation, in violation of his constitutional rights.

The answer of the defendants sets up several defenses, only one of which we need to consider. They contended that plaintiff in the action against LTV had sought damages based on the same facts on which he sought to recover against these defendants, and that the recovery in Federal court by the plaintiff against LTV was a bar to the present action. More than one pretrial conference was held with the judge who presided at the trial, and, among other things, it was stipulated "that the plaintiff would be limited in his damage(s) to those different in kind and degree from the damages claimed in his case against LTV." Under this stipulation it became incumbent upon the plaintiff to prove, if he could, that he had sustained damages as a result of the acts of the defendants which were "different in kind and degree" from the damages that he claimed in the LTV action.

The case has reached us on appeal without the record containing any clear, competent evidence as to just what kind or degree of damages, were involved in the LTV action. The record in the LTV action was offered in evidence by the defendants in this case, but excluded by the trial judge, and was not made a part of the record on this appeal.

The plaintiff Riddle, on direct examination and partly in response to a leading question, testified to the effect that the verdict recovered against LTV was predicated on damages to his cattle and dairy operation. There was prompt objection on behalf of the defendants as follows:

"Mr. Arnold: Your Honor, we don't agree with that and we think that the record would be the best evidence as to what it related to. We don't mind him testifying to it at the proper time. We want to put in the record in that LTV case.

"The Court: All right. You may proceed, Mr. Clay."

The foregoing objection was well taken and entitled to be sustained. While susceptible of more than one construction, the language of the ruling would indicate that the objection was sustained, or at least that the court agreed that the record should then or later be offered as the best evidence. Counsel for plaintiff apparently understood that the objection was sustained as he desisted from the line of questioning which he had been pursuing immediately prior to the objection. He, however, never at any time offered the record in evidence. From that point on, plaintiff made no further effort to show just what damages were involved in the LTV action, or wherein the damages he sought against these defendants differed either in kind or degree from the damages recovered against LTV.

Subject to a reservation of rights under the above mentioned objection, the plaintiff was cross examined upon the record in the LTV action and admitted that he had therein testified as to the diminution of value of his land as a result of the alleged contamination or pollution of Huff Creek. Such admission on his part was in conflict with his testimony, even if competent, to the effect that the verdict against LTV was predicated only upon damages to his cattle and his dairy operation. There is, we might add, nothing elsewhere in the record upon which a jury could have intelligently attempted to decide what damages, if any, the plaintiff has sustained, not already recovered by him from LTV.

The exceptions of the defendants impute numerous errors in the trial of the case and the charge of the presiding judge, more than one thereof being meritorious in our view. We deem it unnecessary, however, to discuss all of them as we think the appeal can be properly and justly disposed of on a single ground. At the conclusion of plaintiff's case, a motion for a nonsuit was made on the ground, *inter alia,* that plaintiff had failed to carry the burden of proving any damages, different in kind or degree from those for which he had already obtained a judgment

against LTV, which burden, under the stipulation, he was required to carry. We think the defendants were clearly entitled to a nonsuit on such ground. Independently of the stipulation, it is elementary law that one cannot actually recover twice for the same damage.

The judgment of the lower court will, accordingly, be reversed and the cause remanded for entry of a judgment of nonsuit for insufficiency of evidence, which is, of course, not a decision on the merits and will leave the plaintiff free to commence again, if so minded, and prove, if he can, that he has sustained damages as the result of the alleged acts of these defendants for which he has not already recovered from LTV.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.