**Paul HOOD**

v.

**Kenneth MERCIER.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1985.

Decided Oct. 11, 1985.

Jordan & Goodridge, Donald H. Goodridge (orally), Houlton, for plaintiff.

Brown, Tibbetts, Churchill & Lacasse, John A. Churchill (orally), Daniel L. Lacasse, Calais, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Paul Hood appeals from a judgment of the District Court, Calais, entered on the counterclaim of Kenneth Mercier, awarding damages to Mercier for personal injuries sustained in a motor vehicle accident. Hood argues that the award of damages for lost wages and medical expenses is not supported by sufficient evidence. Although we reject Hood's contention as to medical expenses, we determine that the court erred in its award for lost wages. Accordingly, we vacate the judgment.

Hood objects to the award of $745 for medical expenses representing services of two doctors and the Calais Regional

Hospital. He complains that no medical expert established that the services were reasonably related to Mercier's injuries and were necessitated by those injuries. Because the injuries to Mercier were no more complicated than broken thumbs, we conclude that Mercier's own testimony was sufficient to demonstrate that the treatment was related to and necessitated by the injuries he received in the collision. *Cf. Blais v. Davis*, 358 A.2d 552, 555 (Me.1976) (plaintiff's testimony can be utilized to establish causal connection between injuries and medical treatment). We note, however, that the medical expenses totalled $739.65 rather than $745.

 Mercier had been seeking employment at Georgia-Pacific for some three years prior to the accident. Over the hearsay objection of defense counsel, Mercier was permitted to testify that he was called to start work at a wage of $9.00 per hour two weeks after the accident. He testified that he could not work at that time because of his injury. He further testified that he obtained work approximately one year later. The court awarded him $15,840 in lost wages based on 44 weeks of 40 hours each at $9.00 per hour. The record is unclear whether the court concluded that Mercier was disabled for 44 weeks or whether the court awarded damages for the lost job opportunity.

On either theory the evidence is insufficient. Nothing in the record supports a finding that Mercier's physical disability continued for 44 weeks. Alternatively, the testimony of Mercier was erroneously admitted over Hood's objection if it was offered to prove the truth of the matter asserted by a Georgia-Pacific supervisor. Because the question was neither briefed nor argued, we do not decide whether Mercier could properly be compensated for a lost job opportunity as opposed to diminished earning capacity. *See Decesere v. Thayer*, 468 A.2d 597, 599 n. 2 (Me.1983). We decide only that the court erred in its award of lost wages for 44 weeks.

We affirm the District Court's finding of liability, as well as the assessment of damages for pain and suffering, property damage and the corrected medical expenses. On remand the court must make a new determination of other damages, if any, and then reduce the new total damages pursuant to 14 M.R.S.A. § 156 (1980). We leave to the sound discretion of the District Court the extent of any new hearing.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of an order vacating the judgment and remanding to the District Court for further proceedings consistent with the opinion herein.

Costs to appellant.

All concurring.