### 23006

ESTATE OF Nancy RATTENNI, By and Through the Administrator of the Estate, Bernard RATTENNI, Respondent v. David Levi GRAINGER, Appellant.

(379 S. E. (2d) 890)

Supreme Court

*Willard D. Hanna, Jr.*, Surfside Beach, *for appellant.*

*James B. Van Osdell, Cynthia Graham Howe, Van Osdell, Lester & Stewart, P.A.*, and *Thomas C. Brittain, Hearn, Brittain & Martin, P.A.*, Myrtle Beach, *for respondent.*

Heard March 7, 1989.

Decided April 24, 1989.

GREGORY, Chief Justice:

This appeal is from an order denying the set-off of under-insurance proceeds against the jury's damages verdict. We affirm.

Nancy Rattenni died as a result of injuries she received in an automobile accident caused by appellant Grainger while he was driving under the influence of alcohol. Respondent Rattenni's estate brought a wrongful death action against Grainger. Several months prior to trial, Mrs. Rattenni's underinsurance carrier voluntarily paid the underinsurance policy's limits of $300,000.00 to her estate and waived its right to subrogation. Immediately prior to trial Grainger admitted liability and only the issue of damages was presented to the jury. The jury awarded $600,000.00 actual and $200,000.00 punitive damages. Grainger then tendered $15,000.00, the limits of his liability policy, and moved the trial court to set off the underinsurance proceeds against the damages award.

The trial judge concluded that the collateral source rule applied because the benefits received were from the injured party's own underinsurance policy for which she paid the premiums. We agree.

South Carolina has long followed the collateral source rule that compensation received by an injured party from a source wholly independent of the wrongdoer should not be deducted from the amount of damages owed by the wrong-doer to the injured party. *Young v. Warr*, 252 S. C. 179, 165

S. E. (2d) 797 (1969); *Farmers Mercantile Co. v. Seaboard Air Line Railway,* 102 S. C. 348, 86 S. E. 678 (1915). This rule applies to insurance proceeds. *Joiner v. Fort,* 226 S. C. 249, 84 S. E. (2d) 719 (1954) (accident insurance proceeds for personal injury); *Jeffords v. Florence County,* 165 S. C. 15, 162 S. E. 574 (1932) (property insurance proceeds for damage to automobile); *Farmers Mercantile Co. v. Seaboard Air Line Railway, supra* (insurance proceeds for fire damage losses).

Grainger proposes that the general rule disallowing an injured party from recovering twice for his damages should be applied in this instance.[1] We find no persuasive reason to distinguish underinsurance proceeds from other insurance proceeds that are subject to the collateral source rule.

Furthermore, the statute regulating underinsured motorist coverage provides that this optional coverage is available whenever damages sustained exceed the liability coverage of the at-fault motorist. S. C. Code Ann. § 38-77-160 (1989).[2] Had the General Assembly intended to abrogate the collateral source rule in regard to this particular class of insurance proceeds, it would have done so.

Accordingly, the order of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[1] *See Riddle v. City of Greenville,* 251 S. C. 473, 163 S. E. (2d) 462 (1968).

[2] The former statute, S. C. Code Ann. § 56-9-831 (Supp. 1986), was in effect at the time this matter was tried. The 1987 amendment deleted the provision allowing underinsurance and uninsurance carriers the rights of subrogation and assignment. In other respects the statutes are virtually the same.