463 S.E.2d 317 (1995)
In re W.B. Easton Construction Company, Inc.
CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Plaintiff,
v.
Harry B. GREGORY, Sr. and Harry B. Gregory and Associates, Certified Public Accountants, PA., Defendants.
No. 24335.
Supreme Court of South Carolina.
Heard September 19, 1995.
Decided October 30, 1995.
Morris D. Rosen and Alex B. Cash, both of Rosen, Rosen & Hagood, PA., Charleston, for plaintiff.
Frederick Aubrey Crawford, Donald V. Richardson, III, Charles E. Carpenter, Jr. and Deborah Harrison Sheffield, all of Richardson, *318 Plowden, Grier & Howser, Columbia, for Defendants.
MOORE, Justice:
This case is before us on certification from the United States District Court to answer a question regarding application of the collateral source rule under South Carolina law.

FACTS
Plaintiff (Bank) commenced this action against defendants (Accountants) alleging professional malpractice in their preparation of financial statements regarding Bank's debtor, W.B. Easton Construction Co. (Debtor). Bank claims it relied on these erroneous financial statements in extending a loan of $300,000 on which Debtor defaulted.
Accountants moved for partial summary judgment on the ground Bank collected on the $300,000 note from the personal guarantors of the note who are the sole shareholders of Debtor. Bank contends the collateral source rule precludes consideration of any amount recovered from the guarantors. The District Court certified the following question to this Court.

QUESTION
Under South Carolina law does the collateral source rule apply so as to preclude a defendant from attempting to reduce a plaintiffs alleged damages by any amount which the plaintiff has recovered on a third-party guaranty agreement?

DISCUSSION
The collateral source rule provides that compensation received by an injured party from a source wholly independent of the wrongdoer will not reduce the amount of damages owed by the wrongdoer. Rattenni v. Grainger, 298 S.C. 276, 379 S.E.2d 890 (1989); Young v. Warr, 252 S.C. 179, 165 S.E.2d 797 (1969); Powers v. Temple, 250 S.C. 149, 156 S.E.2d 759 (1967). This rule has been liberally applied in South Carolina to preclude the reduction of damages. See Otis Elevator v. Hardin Construction Co., ___ S.C. ___, 450 S.E.2d 41 (1994) (contractual right to indemnification not defeated by fact that loss was actually paid by an insurance company); Rattenni v. Grainger, supra (tortfeasor's liability for damages not reduced by underinsurance proceeds); Powers v. Temple, supra (tortfeasor's liability for damages not reduced by disability payments from employer); New Foundation Baptist Church v. Davis, 257 S.C. 443, 186 S.E.2d 247 (1972) (tortfeasor's liability for damages not reduced by value of gratuitous repairs). The only requirement for qualification as a collateral source is that the source be "wholly independent of the wrongdoer."
Other jurisdictions have specified a source is wholly independent, and therefore a collateral source, when the wrongdoer has not contributed to it, see Kistler v. Halsey, 173 Colo. 540, 481 P.2d 722 (1971), and when payments to the injured party were not made on behalf of the wrongdoer, see Maduff Mortgage Corp. v. Deloitte, Haskins & Sells, 98 Or.App. 497, 779 P.2d 1083 (1989). On the other hand, it is well-settled that payment from a joint tortfeasor does not qualify as a collateral source. See, e.g., Franklin Supply Co. v. Tolman, 454 F.2d 1059 (9th Cir.1972).
We hold the collateral source rule applies to disallow the reduction of damages recoverable from a tortfeasor by the amount recovered on a guaranty agreement. On the facts certified to this Court, the guarantors are a source wholly independent of Accountants. The fact the guarantors are the sole shareholders of Debtor is irrelevant in the absence of facts indicating either a connection between Accountants and the source of funds for guarantors' payment to Bank or some joint liability to Bank.
Bank's foresight in obtaining the "insurance" of a guaranty agreement should not benefit Accountants to reduce their liability as tortfeasors. Accord Wormhoudt Lumber Co. v. Union Bank & Trust Co., 231 Iowa 928, 2 N.W.2d 267 (1942) (funds from guarantor do not reduce tortfeasor's liability); Maduff Mortgage Corp., supra (funds from fidelity bond do not reduce negligent accounting firm's liability). We conclude the collateral source rule applies in this case.

CERTIFIED QUESTION ANSWERED.
*319 FINNEY., C.J., WALLER and BURNETT, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.