493 S.E.2d 91

**Henry Sanders McMILLAN, Jr. and Evelyn Marie McMillan, Plaintiffs,**

v.

**JOHN M. HUGHES SEAFOOD COMPANY, INC. and CSX Transportation, Inc., Defendants.**

**No. 24703.**

Supreme Court of South Carolina.

Heard Sept. 18, 1997.

Decided Oct. 27, 1997.

---

Blake G. Arata, Jr., C. Perrin Rome, III, Benjamin B. Saunders, all of Davis, Saunders, Arata & Rome, Metairie, Louisiana; Austin J. Tothacer, Jr., Moncks Corner, for plaintiffs.

Stephen F. McKinney, of Haynsworth, Marion, McKay & Guerard, L.L.P., Columbia, for Defendant, CSX Transportation, Inc.

Henry Grimball, of Buist, Moore, Smythe & McGee, P.A., Charleston, for State Farm Mutual Ins. Co.

FINNEY, Chief Justice:

The United States District Court for the District of South Carolina has certified the following question to this Court:

> Do the settlement agreements entered into between plaintiffs and defendant CSX Transportation, Inc., constitute an impermissible assignment of a claim for underinsured motorists benefits contrary to S.C.Code Ann. § 38–77–160 (Supp.1996)?

Henry McMillan was injured when a train owned by CSX struck a tractor-trailer owned by defendant John Hughes Seafood Co. The plaintiffs entered into a settlement agree-

ment with defendants. As part of the agreement, the plaintiffs agreed to pursue all excess insurance recoveries available to them, including underinsurance coverage, and pay any recoveries to CSX. Plaintiffs brought a federal action to seek recovery of the $100,000 in underinsurance coverage with any recovery, net of fees and expenses, being paid to CSX. State Farm, plaintiffs' underinsurance carrier, filed a motion to dismiss the claims with prejudice on the ground that plaintiffs and CSX have entered into an impermissible assignment of a claim for underinsured motorist benefits contrary to S.C.Code Ann. § 38–77–160 (Supp.1996). We agreed to answer the certified question.

The settlement and final release of all claims executed on July 17, 1996, states that the plaintiffs "agree to cooperate without expense to themselves in conjunction with CSX Transportation, Inc., to pursue insurance coverages which may be in effect relative to the damages" resulting from the accident. The second settlement· and final release agreement executed on March 3, 1997, states the plaintiffs retain the right to pursue any action to seek further compensation out of any personal insurance coverage or any applicable underinsured motorist coverage (UIM) available to plaintiffs. The agreement further states that if plaintiffs collect any insurance coverage proceeds they will pay such proceeds to CSX Transportation.

State Farm contends plaintiffs have fully released their claims and thus, any purported transfer of underinsured benefits to CSX is invalid based on S.C.Code Ann. § 38–77–160. Section 38–77–160, which requires insurers to make an offer of uninsured and underinsured motorist coverage, states that "[b]enefits paid pursuant to this section are not subject to subrogation and assignment."

Plaintiffs and CSX assert the settlement agreement is an executory contract and therefore does not affect an assignment relieving the insurer of its obligation to pay benefits. Plaintiffs further assert that it is beyond the authority and control of the carrier to decide how proceeds are used. This argument ignores the language of the agreement which states

that plaintiffs will pay such proceeds collected to CSX. The statutory language is clear that underinsured benefits paid are not subject to subrogation and assignment.[1] The settlement and final release agreements set forth an intent to assign plaintiffs' interest in UIM benefits which is contrary to § 38–77–160.

Plaintiffs and CSX assert that the restrictive language applies only to uninsured motorist coverage because only uninsured coverage is addressed in the paragraph ending with the restrictive language. We disagree. The first paragraph ending with the restriction on subrogation and assignment discusses both types of coverage and includes three references to underinsured motorist coverage. Further, the restrictive language indicates that it applies to all coverage mentioned in the section not paragraph. Clearly, section refers to more than just a paragraph of a statutory section.

Plaintiffs and CSX maintain there was no assignment of an UIM claim involved in the agreements. Plaintiffs assert the parties agreed the plaintiffs would liquidate any available UIM or other excess insurance claims and, if successful, make the proceeds available to CSX. However, this interpretation is contrary to the explicit language of the agreements.

We conclude the settlement agreements at issue here constitute an impermissible assignment of a claim for underinsured motorist benefits contrary to section 38–77–160.

CERTIFIED QUESTION ANSWERED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

1. We noted in *Rattenni v. Grainger* that the 1987 amendment to § 38–77–160 deleted the provision allowing underinsurance and uninsured carriers the rights of subrogation and assignment. 298 S.C. 276, 379 S.E.2d 890 n. 2 (1989). Further, Covington, *et al., The Law of Automobile Insurance in South Carolina,* at V–46 (3d Ed.1996) notes that the effect of § 38–77–160 is to eliminate subrogation and assignment of additional uninsured as well as underinsured motorist benefits.