523 S.E.2d 464

**Barbara MOUNT, Respondent,**

v.

**SEA PINES COMPANY, INC., Appellant.**

**No. 3064.**

Court of Appeals of South Carolina.

Submitted Sept. 8, 1999.

Decided Sept. 29, 1999.

356

Stephen F. DeAntonio, Margaret M. Urbanic, both of DeAntonio Law Firm, of Charleston, for appellant.

Cory H. Fleming, of Moss & Kuhn, of Beaufort, for respondent.

PER CURIAM:

Barbara Mount suffered a bodily injury while on property owned by Sea Pines Company, Inc. A jury awarded Mount $20,000.00 in damages but found 40 percent of the negligence attributable to her, resulting in a $12,000.00 recovery. Judge Howard P. King denied Sea Pines's motion for a set-off of $3,662.64, citing the collateral source rule and S.C.Code Ann. § 38–77–145 (Supp.1998). Sea Pines appeals. We reverse and remand.[1]

Sea Pines argues on appeal that Mount received medical payments for her injury from Sea Pines's insurer, Royal Insurance, rather than a collateral source. It argues that, as a result, the collateral source rule does not apply to this case, and the trial court should have allowed a set-off.

■ The collateral source rule provides that "compensation received by an injured party from a source *wholly independent of the wrongdoer* will not reduce the amount of damages owed by the wrongdoer." *Citizens & S. Nat'l Bank v. Gregory*, 320 S.C. 90, 92, 463 S.E.2d 317, 318 (1995) (emphasis added).

A source is wholly independent of the wrongdoer "when the wrongdoer has not contributed to it and when payments to the injured party were not made on behalf of the wrongdoer." *Id.* at 92, 463 S.E.2d at 318 (citation omitted).

■ Sea Pines paid the premiums to Royal Insurance. After Mount's injury, Royal Insurance issued checks for medical payments to Mount. The checks referenced Sea Pines's insurance policy number, indicating these checks were issued on behalf of Sea Pines.

Royal Insurance, therefore, is not wholly independent of Sea Pines. Accordingly, the trial court should have reduced Mount's recovery by $3,662.64, the amount of medical expenses paid by Royal Insurance prior to judgment.

■ Mount, however, compares her situation to that of a passenger injured in an automobile driven by its owner. To

---

1. Because oral argument would not aid this Court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

support this analysis, Mount cites section 38–77–145, which states:

> There is no personal injury protection (PIP) coverage mandated under the automobile insurance laws of this State. . . . If an insurer sells no-fault insurance coverage which provides personal injury protection, medical payment coverage, or economic loss coverage, the coverage must not be assigned or subrogated and *is not subject to a set-off.*

S.C.Code Ann. § 38–77–145 (Supp.1998) (emphasis added).[2]

In *State Farm Mut. Auto. Ins. Co. v. Richardson,* 313 S.C. 58, 437 S.E.2d 43 (1993), the court stated that the set-off prohibited by section 38–77–145 was "the tortfeasor's reduction in liability formerly allowed by section 38–77–290(f)." *Id.* at 60, 437 S.E.2d at 45. Section 38–77–290(f) previously allowed the tortfeasor to reduce his liability to a claimant by the amount of PIP benefits received by the claimant. S.C.Code Ann. § 38–77–290(f) (1989).[3] Section 38–77–145 prevented the tortfeasor from profiting in the case where the injured party received PIP benefits.

This case is different from the situation where a passenger is injured in another's automobile. Clearly, section 38–77–145, when it was effective, only applied to automobile insurance. We find no cases, and Mount offers none, to support the application of a portion of a now repealed statute dealing with automobile insurance to the facts of this case.

We also find no merit to Mount's argument that public policy requires this court to apply the set-off provision of this statute to the facts of this case. By enacting section 38–77–145, the legislature attempted to insure that the tortfeasor paid the full amount of damages suffered by the injured party. Mount asserts this statute, however, in support of an argument that would essentially require Sea Pines, through Royal Insurance, to pay Mount's medical payments twice. This would be contrary to public policy.

---

**2.** Effective March 1, 1999, section 38–77–145 was repealed.

**3.** Effective July 1, 1989, section 38–77–290 was repealed.

We, therefore, reverse and remand to the trial court to issue an order consistent with this opinion.

**REVERSED AND REMANDED.**

HOWELL, C.J., HUFF and STILWELL, JJ., concur.