566 S.E.2d 199

**Theressa A. PUSTAVER, Respondent,**

v.

**Darrell J. GOODEN, Appellant.**

**No. 3529.**

Court of Appeals of South Carolina.

Heard May 7, 2002.
Decided June 27, 2002.

---

410

Elford H. Morgan and Stanley T. Case, both of Butler, Means, Evins & Browne, of Spartanburg, for appellant.

Johnny F. Driggers, of North Charleston, for respondent.

HOWARD, Judge:

Theressa Pustaver obtained a judgment against Darrell Gooden arising from injuries sustained in an automobile accident. This judgment exceeded Gooden's liability insurance coverage limits, and Gooden attempted to claim a set-off in the amount of Pustaver's underinsured motorist ("UIM") benefits. The trial court determined the UIM coverage was subject to the collateral source rule and, therefore, Gooden was not entitled to a set-off. Gooden appeals. We affirm.

## FACTS

Pustaver and Gooden were involved in an automobile accident in Spartanburg County, South Carolina. Pustaver brought this action against Gooden for damages. A jury trial resulted in a verdict for Pustaver in the amount of $290,000.14. However, the jury also determined that Pustaver was fifty

percent at fault, and the award was therefore reduced to $145,000.07.

Gooden maintained $50,000 in liability insurance coverage, and Pustaver had $100,000 in UIM coverage. Pustaver's UIM carrier filed a notice of intent to appeal the jury verdict. Pustaver then settled her UIM claim for $70,000, executing a policy release to her UIM carrier, in return for which the appeal was withdrawn.

Gooden tendered his liability limits in full satisfaction of the judgment, claiming the $50,000 in combination with the $100,000 UIM coverage available to Pustaver exceeded the amount of the judgment. Pustaver twice refused this tender. Pustaver filed an execution against Gooden's property in an attempt to satisfy the full judgment. Gooden responded with a motion requesting that the circuit court compel Pustaver to accept the $50,000.00 policy limits in full satisfaction of the judgment. The circuit court denied the motion, ruling that the UIM insurance proceeds constituted a collateral source and Gooden was not entitled to set off this benefit against the judgment. Gooden appeals.

## DISCUSSION

Gooden argues the circuit court erred in ruling that UIM proceeds are subject to the collateral source rule. We disagree.

"South Carolina has long followed the collateral source rule that compensation received by an injured party from a source *wholly independent of the wrongdoer* should not be deducted from the amount of the damages owed by the wrongdoer to the injured party." *Rattenni v. Grainger*, 298 S.C. 276, 277, 379 S.E.2d 890, 890 (1989) (emphasis added); *see Mount v. Sea Pines Co.*, 337 S.C. 355, 357, 523 S.E.2d 464, 465 (Ct.App. 1999). This rule has been applied liberally in South Carolina to preclude the reduction of damages. *Citizens & S. Nat'l Bank v. Gregory*, 320 S.C. 90, 92, 463 S.E.2d 317, 318 (1995).

"The only requirement for qualification as a collateral source is that the source be wholly independent of the wrongdoer." *Id.* A source is wholly independent and therefore collateral when the wrongdoer has not contributed to it

and when payments to the injured party were not made on behalf of the wrongdoer. *Mount,* 337 S.C. at 357, 523 S.E.2d at 465. The collateral source rule applies to insurance proceeds. *Rattenni,* 298 S.C. at 278, 379 S.E.2d at 890.

The collateral source rule acts to prevent a benefit directed to the injured party from resulting in a windfall for the tortfeasor. *Dixon v. Besco Eng'g, Inc.,* 320 S.C. 174, 182, 463 S.E.2d 636, 640 (Ct.App.1995). A tortfeasor cannot take advantage of a contract between an injured party and a third person, no matter whether the source of the funds received is "an insurance company, an employer, a family member, or other source." *Johnston v. Aiken Auto Parts,* 311 S.C. 285, 287, 428 S.E.2d 737, 738 (Ct.App.1993); *see Dixon,* 320 S.C. at 181, 463 S.E.2d at 640. "It is the tortfeasor's responsibility to compensate the injured party for all the harm that he causes, not the net loss the injured party receives." *Dixon,* 320 S.C. at 182, 463 S.E.2d at 640. "At times, then, 'while a Plaintiff's recovery under the ordinary negligence rule is limited to damages which will make him whole, *the collateral source rule allows a Plaintiff further recovery under certain circumstances even though he has suffered no loss.'* " *Haselden v. Davis,* 341 S.C. 486, 502–03, 534 S.E.2d 295, 304 (Ct.App.2000) (quoting 22 Am.Jur.2d *Damages* § 566 at 640 (1988) (emphasis added)), *cert. granted* (Jan. 1, 2001).

In *Rattenni,* the identical question presented in this case was decided by our supreme court. In that case, the decedent was killed in an automobile collision proximately caused by the defendant driver. Prior to trial, the plaintiff settled with the UIM carrier for the full amount of the UIM coverage available, and the UIM carrier waived any right of subrogation it might have possessed. Following a jury verdict against the at-fault driver which greatly exceeded his liability insurance coverage, the at-fault driver asked the court for a set-off of the amount paid in UIM benefits against the verdict. The circuit court declined, ruling that the decedent's UIM coverage was a collateral source. Our supreme court agreed, concluding, "We find no persuasive reason to distinguish underinsurance proceeds from other insurance proceeds that are subject to the collateral source rule." *Id.* at 278, 379 S.E.2d at 890.

Gooden contends *Rattenni* is legally and factually distinguishable, and is therefore not controlling. He argues *Rattenni* and *McMillan v. John M. Hughes Seafood Co.*, 328 S.C. 157, 493 S.E.2d 91 (1997), support his argument that the Legislature has adopted a statutory insurance scheme which contemplates that damage awards will be paid from the combined limits of the liability and the underinsured motorist coverages. We disagree.

Neither *Rattenni* nor *McMillan* is based upon the recognition of an overall statutory insurance scheme to prevent double recovery or to pay claims out of the combined insurance coverages available. In *Rattenni,* our supreme court ruled that UIM benefits are subject to the collateral source rule. In *McMillan,* the Court applied the clear language of the statute prohibiting subrogation and assignment of UIM benefits.

Furthermore, we see no practical difference between the waiver of subrogation, as in *Rattenni,* and the circumstances presented here, where subrogation is legislatively prohibited.[1] We decline to carve out an exception to the collateral source rule for UIM coverage by implication based upon the amendment forbidding subrogation or assignment. As our supreme court said in *Rattenni,* "Had the General Assembly intended to abrogate the collateral source rule in regard to this particular class of insurance proceeds, it would have done so." 298 S.C. at 278, 379 S.E.2d at 891.

We find no reason to distinguish the *Rattenni* case from the facts of this case. Subsequent opinions by our appellate courts have clearly affirmed the collateral source rule. *See Citizens & S. Nat'l Bank,* 320 S.C. at 92, 463 S.E.2d at 318; *Haselden,* 341 S.C. at 502–03, 534 S.E.2d at 304; *Mount,* 337 S.C. at 357, 523 S.E.2d at 465; *Collins v. Bisson Moving & Storage, Inc.,* 332 S.C. 290, 304–06, 504 S.E.2d 347, 355–56 (Ct.App.1998); *Dixon,* 320 S.C. at 181–82, 463 S.E.2d at 640; *Johnston,* 311 S.C. at 286–87, 428 S.E.2d at 738.

---

1. The statute regulating underinsured motorist coverage was amended after *Rattenni* deleting the provision allowing underinsured motorist carriers the right of subrogation or assignment. *See* S.C.Code Ann. § 38–77–160 (Supp.2001).

## CONCLUSION

For the foregoing reasons, the decision of the trial judge is **AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.