597 S.E.2d 142

Geneva COVINGTON, Respondent,

v.

Gary GEORGE individually, and as agent for Momentum Logistics of South Carolina, Inc., formerly doing business as Anderson Armored Car and Bank Air Courier, Inc., Appellants.

No. 25828.

Supreme Court of South Carolina.

Heard April 7, 2004.
Decided May 24, 2004.

Kirby D. Shealy III, of Baker, Ravenel & Bender, LLP, of Columbia, for Appellant.

John P. Ford, Jr., and Kristi F. Curtis, both of Bryan, Bahnmuller, Goldman & McElveen, LLP, of Sumter, for Respondent.

Justice PLEICONES:

Gary George (George) and Geneva Covington (Covington) were involved in an automobile accident in March 1999. At trial, George sought to introduce evidence that the hospital that treated Covington accepted as full payment an amount less than that billed to Covington. The trial judge excluded the testimony pursuant to Rule 403, SCRE, finding the information would confuse the jury. George appealed and the case was transferred from the Court of Appeals pursuant to Rule 204(b), SCACR. We affirm the trial court's ruling.

## FACTS

George rear-ended Covington on Highway 378 while Covington was stopped for a school bus. The damage to both vehicles was minor.[1] At trial, George admitted that he was

---

1. The damage to Covington's car was estimated at $1,519.97.

liable for the accident, therefore the only issue was damages. George argued that Covington was entitled to only a modest damage award because there was a low-impact collision resulting in only soft tissue injuries.

At trial, George proffered testimony of Ranell Benehaley, manager of medical records for Tuomey Health Care System. Benehaley testified, *in camera*, that Covington was billed $1,430.00 for services performed in May 1999, but that Tuomey accepted $276.86 as full payment for the services. Benehaley also testified that Covington was billed $1969.00 for services performed June 1999, but Tuomey accepted $370.61 as payment on that account, while $58.05 was still owed. The trial judge would not allow the jury to hear the testimony, ruling that under Rule 403, SCRE, the testimony would confuse the jury. George did not seek to enter into evidence the source of the payments to Tuomey.[2]

## ISSUE

Did the trial court err in refusing to allow George to present evidence that the amount Covington's medical provider accepted in payment was less than what it charged for its services?

## ANALYSIS

George argues that this Court's opinion in *Haselden v. Davis*, 353 S.C. 481, 579 S.E.2d 293 (2003), allows a defendant to introduce evidence that a medical provider accepted as full payment an amount less than was billed for the services. We disagree and hold the trial court properly excluded the evidence of the amount Covington's medical provider accepted as payment (hereinafter "actual payment amount").

In *Haselden*, the question was whether the Plaintiff could recover the amounts "written off" by healthcare providers. *Id.* A majority of this Court held that those amounts are recoverable by a plaintiff in a personal injury suit. *Id.* In the case at hand, George argues that since Covington has the burden of proving reasonable and necessary medical expenses as part of her damages, George should be able to dispute the

---

2. It is not clear from the record, but Respondent's brief states Medicare made the payments.

reasonableness of those charges through introduction of the proffered testimony.

Whether the actual payment amount may be utilized to establish the reasonableness of medical expenses was ancillary to the main issue in *Haselden* because both the billed amount and the actual payment amount were admitted into evidence. In *Haselden*, the Plaintiff submitted evidence that she incurred medical expenses in the amount of $77,905.21. 341 S.C. 486, 501, 534 S.E.2d 295, 303 (Ct.App.2000). Medicaid paid $24,109.04 to cover the services. 534 S.E.2d at 303. The difference between the amounts billed and the amounts actually paid by Medicaid was $51,620.59. *Id.* Defendants entered a letter as a court exhibit, which showed the gross amount of the bills for Plaintiff's services and the corresponding Medicaid payments. The admissibility of the actual payment amount was not an appellate issue in *Haselden*, but rather the issue was Plaintiff's entitlement to *recover* the difference between the billed amount and the actual payment amount.

The case at hand differs substantially from the situation in *Haselden*. Here, George did not object to Covington's introduction of the full amount of the bill but thereafter sought to introduce the actual payment amount. Covington's objection to this offer was sustained.

The question for this Court is whether a party can introduce evidence of the actual payment amount to challenge the reasonableness of the medical expenses sought by the plaintiff. We hold that the collateral source rule is directly implicated in this case, and the actual payment amount was properly excluded. *Haselden*, insofar as the actual payment amount was before the court as evidence of reasonableness, is limited to its facts.

The collateral source rule provides "that compensation received by an injured party from a source wholly independent of the wrongdoer will not reduce the damages owed by the wrongdoer." *Citizens and S. Natl. Bank of South Carolina v. Gregory*, 320 S.C. 90, 92, 463 S.E.2d 317, 318 (1995). A tortfeasor cannot "take advantage of a contract between an injured party and a third person, no matter whether the source of the funds received is 'an insurance company, an employer, a family member, or other source.'"

*Pustaver v. Gooden,* 350 S.C. 409, 413, 566 S.E.2d 199, 201 (Ct.App.2002) (citations omitted). In this case, the actual payment amounts were made by a collateral source.

■ George argues that because he seeks only to introduce the *fact* of compromised payments as opposed to their *source,* that no violence has been done to the collateral source rule. While facially appealing, this argument ignores the reality that unexplained, the compromised payments would in fact confuse the jury. Conversely, any attempts on the part of the plaintiff to explain the compromised payments would necessarily lead to the existence of a collateral source. Inevitably, the inquiry would lead to the introduction of matters such as contractual arrangements between health insurers and health care providers, resulting in the very confusion which the trial judge sought to avoid in his proper application of Rule 403, SCRE.

Other jurisdictions have held that the actual payment amount is not admissible as evidence of reasonableness of damages because that evidence would violate the collateral source rule. For example, in *Radvany v. Davis,* 262 Va. 308, 551 S.E.2d 347 (2001), the Supreme Court of Virginia held that:

> payments made to a medical provider by an insurance carrier on behalf of an insured and amounts accepted by medical providers are one and the same. Regardless of the label used, they are payments made by a collateral source and are not admissible in evidence for that reason.
>
> *Furthermore, such amounts are not evidence of whether the medical bills are "reasonable, i.e., not excessive in amount, considering the prevailing cost of such services."* The amounts accepted by [Plaintiff's] health care providers represent amounts agreed upon pursuant to contractual negotiations undertaken in conjunction with [Plaintiff's] health insurance policy. Such negotiated amounts, presumably inuring to the benefit of the medical providers, the insurance carrier, and [Plaintiff], do not reflect the "prevailing cost" of those services to other patients. *Id.* at 348 (emphasis supplied)(internal citations omitted).

In *Goble v. Frohman,* a Florida court held the collateral source rule prohibited introduction of contractual discounts that were "written off" by the medical providers. 848 So.2d

406 (Fla. 2d DCA 2003). The court stated that "[t]o challenge the reasonableness or necessity of the medical bills, [Defendant] could have introduced evidence on the value of or need for medical treatment ... there generally will be other evidence having more probative value and involving less likelihood of prejudice than the victim's receipt of insurance-type benefits." *Id.* at 410. *See also Fye v. Kennedy,* 991 S.W.2d 754, 764 (Tenn.Ct.App.1998)(holding that payments that are forgiven, or paid by a third party is not evidence of the reasonableness of a charge).

## CONCLUSION

The trial judge correctly applied Rule 403 and the collateral source rule in excluding evidence of the actual payment amount. While a defendant is permitted to attack the necessity and reasonableness of medical care and costs, he cannot do so using evidence of payments made by a collateral source. The judgment of the trial court is **AFFIRMED.**

TOAL, C.J., WALLER, BURNETT, JJ., and Acting Justice JOHN W. KITTREDGE, concur.