THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lakefhia McCrea, Appellant,
 
 
 

v.

 
 
 
 Jafer Gheraibeh, Respondent.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-072
Heard January 10, 2006  Filed February 2, 2006

AFFIRMED

 
 
 
 Edward L. Graham, of Florence, for Appellant.  
 Charles A. Harris, Jr., of Cheraw, for Respondent.
 
 
 

PER CURIAM:  Lakefhia McCrea brought suit against Jafer Gheraibeh for injuries and property damages suffered in an automobile collision.  After receiving a verdict in her favor, McCrea appeals seeking a new trial.  We affirm.  
FACTS
McCrea and Gheraibeh were involved in an automobile collision in which Gheraibeh ran a red light and struck McCreas vehicle on the drivers side door.  McCrea was taken to the emergency room to be examined, but she was released.  She had no cuts or bruises, and the x-rays performed were normal.  
McCrea later saw her personal physician.  Her physician ordered additional x-rays as well as an MRI.  These tests were normal.  McCrea attended physical therapy for pain to her back and left side.  The therapy was provided by Macleod Physical Therapy, which is also where McCrea worked at the time of the accident.  
McCrea brought suit against Gheraibeh seeking compensation for her alleged injuries and damage to her vehicle.  At trial, Gheraibeh admitted liability for the accident, but challenged McCreas testimony regarding the amount of damages.  McCrea did not offer the testimony of any of the treating doctors.  She entered a summary of her medical bills showing a total of $9,393.67.  
As for the property damage, McCrea testified she purchased the car using financing and admitted the cash price was $1,000 less than she paid.  She asserted the value of the car was $7,145.83, which constituted the balance remaining on her loan.  Gheraibeh argued the car would depreciate faster than the loan balance and that the excessive mileage she put on the car commuting at least 60 miles a day would decrease the cars value.  
The jury returned a verdict in McCreas favor.  The jury awarded her $5,985 in personal injury damages and $5,000 in property damages.  McCrea made post-trial motions for judgment notwithstanding the verdict (JNOV), new trial absolute, and new trial nisi additur.  The court denied the motions and entered judgment on McCreas behalf for $6,887.25, after reducing the verdict amount by an offset of $4,097.75 previously paid.  McCrea appeals numerous issues involving jury voir dire and selection, the admission of evidence, the failure to give a jury instruction regarding the collateral source rule, and the denial of motions for JNOV and for a new trial.
LAW/ANALYSIS
I.       Voir Dire
McCrea contends the trial court erred in refusing further voir dire of potential jurors regarding any bias stemming from mass media campaigns favoring tort reform.  She contends the court should have asked prospective jurors their opinions regarding tort reform, their involvement in political causes or campaigns, or their belief regarding the appropriateness of bringing a lawsuit for damages in an automobile wreck.  We disagree.
The manner and scope of voir dire is largely within the discretion of the trial judge.  Crosby v. Southeast Zayre, Inc., 274 S.C. 519, 521, 265 S.E.2d 517, 519 (1980); State v. Middleton, 266 S.C. 251, 256-57, 222 S.E.2d 763, 765 (1976), vacated by 429 U.S. 807 (1976); Norris v. Ferre, 315 S.C. 179, 181, 432 S.E.2d 491, 492 (Ct. App. 1993).  On appeal, this court will rely on the judgment of the trial judge who is able to observe the character and demeanor of the jurors, unless the record firmly establishes an abuse of discretion.  See Wilson v. Childs, 315 S.C. 431, 437-38, 434 S.E.2d 286, 290 (Ct. App. 1993).
The trial court properly asked questions to determine whether any juror held an underlying bias against any of the parties or their claims.  The court determined the jurors could act fairly.  The purpose of voir dire is not to probe every possible aspect of the juror, but to seek a fair and impartial jury.  Based on the questions asked by the court, we find no abuse of discretion in refusing to ask McCreas remaining questions.
II.     Batson
McCrea asserts the trial court erred in failing to grant her Batson[1] motion because strikes used by Gheraibehs attorney were impermissible and racially motivated.  She maintains the race-neutral explanation given by Gheraibehs counsel was mere pretext.  We disagree.
During the seating of the jury, Gheraibehs attorney struck three out of six African-American jurors including Mr. Green, an African-American male with dreadlocks.  After the use of peremptory strikes was completed, McCreas counsel challenged the use of Gheraibehs strikes as racially discriminatory.  In response, the court properly held a Batson hearing to determine the reason for the strikes.  Gheraibehs attorney explained that Mr. Greens appearance including - - including the dreadlocks gave him some pause.  
In Purkett v. Elem, 514 U.S. 765 (1995), the United States Supreme Court held that the prosecutors proffered explanation in this case--that he struck juror number 22 because he had long, unkempt hair, a mustache, and a beard--is race neutral and satisfies the prosecutions step two burden of articulating a nondiscriminatory reason for the strike.  Id. at 769.  The court explained that long unkempt hair is not characteristic to any particular race.  Id.
In light of Purkett, we believe counsels concern regarding Mr. Greens appearance and his dreadlocks is a racially neutral explanation for the strike.  The main justification was his appearance and the very long dreadlocks which supplied counsels uneasiness towards Mr. Green.  Just as long hair is generally out of the norm, so are very long dreadlocks.  The decision to wear an alternative hairstyle is not specific to any race, and therefore, no discriminatory intent is inherent in the explanation.  
III.    Impeachment Using Collision Report
McCrea next asserts the trial court improperly denied her motion for a mistrial after Gheraibehs attorney referenced an accident report regarding a wreck occurring subsequent to the collision in this case.  We disagree.
Gheraibehs attorney stated: The officer who investigated that accident showed . . . estimated damage . . . of $7,000.  McCrea objected, and the court sustained McCreas objection to the introduction of the testimony.  The court further issued a curative instruction for the jury not to consider that information.
An instruction to disregard incompetent evidence usually is deemed to have cured the error in its admission unless on the facts of the particular case it is probable that notwithstanding such instruction or withdrawal the accused was prejudiced.  State v. Simpson, 325 S.C. 37, 43, 479 S.E.2d 57, 60 (1996) (citing State v. Craig, 267 S.C. 262, 227 S.E.2d 306 (1976)).  We find the curative instruction was more than sufficient to cure any harm caused by the statement by Gheraibehs attorney.  Additionally, there was other evidence entered into the record without objection regarding the subsequent accident.  Consequently, McCrea cannot show prejudice resulting from the failure of the court to declare a mistrial. 
IV.    Collateral Source Rule
McCrea next contends the trial court erred by not giving a jury instruction regarding the collateral source rule once testimony was elicited regarding McCreas lack of insurance benefits. [2]  We disagree.
The testimony McCrea contends required a jury instruction on the collateral source rule barely intimated that she had previously had health insurance.  Additionally, there is no evidence in the record of the amount, if any, paid by insurance on McCreas behalf.  While the collateral source rule is sometimes warranted, the trial judge is allowed discretion in determining an appropriate charge based on the evidence presented in the trial.  See Smith  v. Ridgeway Chems., Inc., 302 S.C. 303, 307, 395 S.E.2d 742, 744 (Ct. App. 1990).
V.      JNOV and New Trial
McCrea maintains the trial court should have granted her motion for JNOV on the grounds that the only evidence in the record supports an award of the full amount of damages she requested.  She further contends that the trial court should have granted her a new trial because her award was grossly inadequate in light of the evidence.  We disagree.
In ruling on directed verdict or JNOV motions, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions.  Sabb v. South Carolina State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002).  In the instant case, McCrea presented her testimony and a summary of the doctors bills into evidence in support of her claim for personal injury damages.  Additionally, she testified regarding the amount she paid for her car, the amount remaining on the loan, and her opinion regarding the cars value.
However, Gheraibeh extensively cross-examined McCrea regarding the necessity of some of the medical expenses.  He had McCrea admit that all the tests performed by various doctors, including x-rays and an MRI, returned normal.  McCrea admitted she was in previous automobile accidents in which she suffered soft-tissue injuries and was in a subsequent vehicle collision.  While he did not present a definite dollar amount for her damages, Gheraibehs attorney argued an appropriate amount would be the cost of her emergency room visit and of her doctors, but not the physical therapy.  
In addition, Gheraibeh challenged McCreas valuation of her vehicle.  She admitted she paid $1,000 more than the cash price in order to receive financing.  She also stated that she has traveled about 60 miles roundtrip each day to work for several years.  When asked about the mileage on the vehicle, she was unable to give a figure, but admitted it could be close to 100,000 miles.  Finally, Gheraibeh argued the vehicle may have depreciated faster than the balance on McCreas financing was being paid, causing the car to be worth less than was owed.  Based upon the evidence in the record and Gheraibehs extensive cross-examination of McCrea, we find the trial court properly denied McCreas motion for JNOV.
Furthermore, the award given McCrea was not so shockingly disproportionate to the injuries suffered that it indicated passion, caprice, prejudice, partiality, corruption or other considerations not reflected by the evidence.  Vinson v. Hartley, 324 S.C. 389, 404, 477 S.E.2d 715, 723 (Ct. App. 1996).  McCrea contends her evidence showed she sustained $9,393.67 in medical expenses, lost $2,898.55 as a result of being off work, and suffered pain and suffering as a result of the collision.  The jurys award of $5,985 is hardly de minimus as claimed by McCrea.  It is clearly not the result of passion, caprice or prejudice. 
As to her vehicle damage, McCrea presented the figure of $7,145.83 as the debt remaining after financing and as her opinion regarding the value of the vehicle.  The jury awarded $5,000 in damage and this figure could easily represent the jurys opinion that the vehicle was depreciating faster than McCrea was reducing the amount owed.  Accordingly, we refuse to hold the jurys award was grossly inadequate.
CONCLUSION
Based on all of the foregoing, the decision of the trial court is
AFFIRMED.
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]  Batson v. Kentucky, 476 U.S. 79 (1986).  
[2] Under the collateral source rule, compensation received by an injured party from a source wholly independent of the wrongdoer will not reduce damages owed by the wrongdoer.  Covington v. George, 359 S.C. 100, 103, 597 S.E.2d 142, 144 (2004).