STATE OF MAINE                                  SUPERIOR COURT
SOMERSET, ss.                                   SKOWHEGAN
                                                DOCKET NO. SOM-CV-14-028


DEBRA ANN DOLAN,
        Plaintiff


v.                                              **ORDER ON MOTION IN LIMINE
                                                REGARDING MEDICAL BILLS**


AARON D. DODGE et. al.,
        Defendants


        After reviewing the memoranda of counsel and the applicable case law regarding Defendants' "Motion In Limine To Limit Recovery of Medical Bills Paid by MaineCare To The Amount Paid", the undersigned enters this **Order** for the reasons set forth below:

        1.    Plaintiff filed this lawsuit for injuries Plaintiff contends she sustained as a result of her fall on or about June 15, 2012 at property owned by the Defendants. Plaintiff contends that the Defendants' negligence caused her fall and resulting injuries.

        2.    Plaintiff further contends that she has incurred medical bills in the amount of $86,404.05[1] for medical treatment as a result of her injuries suffered she says as a result of her fall.

        3.    Apparently at all times pertinent hereto Plaintiff was covered by MaineCare, a healthcare program that the State of Maine provides that pays certain medical bills for qualified recipients. Apparently all of Plaintiff's medical bills mentioned above have been satisfied by MaineCare; however, MaineCare was able to expend "only" $37,329.06 to fully resolve the billed amounts.

        4.    Defendants request that Plaintiff's recovery for any medical bill incurred by her be limited to the amount that was actually paid to satisfy the bill, or in the alternative allow the jury to see both the billed and paid amounts in determining the reasonable value of the medical services provided to Plaintiff.

---

[1] Plaintiff uses the figure of $90,942.14 at one point in her memorandum and $86,404.05 at another point in the memorandum.

5.    Plaintiff objects to either alternative urged by the Defendants, arguing that for the Court to do either would violate the collateral source rule, that reimbursement paid by MaineCare has nothing to do with the reasonable value of the medical services provided, that such evidence is not relevant, and finally even if relevant, such evidence should be excluded under Rule 403, Maine Rules of Evidence.

6.    In Maine an injured person is entitled to be compensated for only those medical expenses that are reasonable and necessary and are related to the accident and injuries complained of.   *Stubbs v. Bartlett*, 478 A.2d 690, 692 (Me. 1984).  This will be a question for the jury to decide.  The undersigned does not find that there necessarily needs to be expert testimony to establish the fairness and reasonableness of medical bills incurred in a personal injury action; rather, a plaintiff's own testimony can be utilized to establish causal connection between the injuries sustained and the resulting medical treatment.  *Hood v. Mercier*, 499 A.2d 147, 148 (Me. 1985).   Moreover, several states have determined that a plaintiff's testimony regarding the fairness and reasonableness of medical bills combined with the bills being entered into evidence constitutes prima facie evidence of their fairness and reasonableness.  *Bell v. Stafford*, 680 S.W.2d 700, 702 (Ark. 1984); *East West Karate Ass'n v. Riquelme*, 638 So.2d 604, 605 (Fla.App. 1944); *Haven v. Taylor*, 2014 Ariz. App. Unpub. LEXIS 903; *Walters v. Littleton*, 290 S.E. 2d. 839, 842 (Va. 1982) ("[E]vidence presented by the bills regular on their face of the amounts charged for medical service is itself some evidence that the charges were reasonable and necessary"); "Necessity and Sufficiency, In Personal Injury Or Death Action, Of Evidence As To Reasonableness Of Amount Charged Or Paid For Accrued Medical, Nursing, Or Hospital Expenses", 12 A.L.R. 3d 1347.

7.    Payments made or benefits provided by other sources are known in Maine as collateral source benefits.   *Hoitt v. Hall*, 661 A.2d 669, 673 (Me. 1995). The collateral source rule provides that, "if a plaintiff is compensated in whole or in part for his damages by some source independent of the tortfeasor, he is still permitted to have a full recovery against the tortfeasor." *Werner v. Lane*, 393 A.2d 1329, 1335 (Me. 1978).  "The premise underlying this rule is that either the injured party or the tortfeasor will receive a windfall if part of a loss is paid by an independent source, and, as between the injured party and the tortfeasor, the injured party should reap the benefit of the windfall." *Potvin v. Seven Elms, Inc.*, 628 A.2d 115, 116 (Me. 1993).

8.    Dubbed by some as "an oddity of American accident law,"[2] the collateral source rule can be traced to English common law, but it did not come into favor in the United States until the 1855 U.S. Supreme Court case *The Propeller Monticello v. Mollison*, 58 U.S. (17 How.) 152 (1855) in which a steamship and schooner collided with the schooner sinking and losing its cargo.  The schooner's owner was insured, and the insurer paid for the owner's loss.  When the owner sued the steamship, the steamship's owner argued that the fact that

[2] John G. Fleming, The Collateral Source Rule and Loss Allocation in Tort Law, 54 Cal. L. Rev. 1478, 1478(1966).

insurance was paid to satisfy the schooner owner's losses relieved the steamship of liability. The Supreme Court disagreed, holding that the insurance contract was "in the nature of a wager between two parties, with which the trespasser has no concern. The insurer does not stand in the relation of a joint trespasser, so that the satisfaction accepted from him shall be a release of others." *Id.* at 155. Accordingly, the Court determined that the steamship's liability for the collision could not be offset by the insurance payments.

9. The undersigned is well aware of the split of authority on the trial courts in this state with respect to whether Defendants' Motion in Limine should be granted, and if so to what extent, *see* the various trial court decisions attached to the memoranda filed in support of and in objection to the motion for further reference. At least one member of our Law Court has expressed in writing that "Medical expense damages may be recovered for charges paid by a collateral source or charges actually incurred but later written off or otherwise not collected. Mention to the jury of collateral source payments or writeoffs should be avoided. The fact that necessary medical and nursing services are rendered gratuitously to one who is injured as a result of the negligence of another should not preclude the injured party from recovering the reasonable value of those services as part of...compensatory damages in an action against the tortfeasor..." *See* Alexander"s **Maine Jury Instruction Manual** § 7-108, Comment.

10. The collateral source rule has been described not only as a rule of evidence but also as a rule of damages "designed to protect plaintiffs." *Leitinger v. DBart, Inc.*, 736 N.W. 2d 1 (Wis. 2007). In *Leitinger* the Wisconsin Supreme Court was asked to decide whether, in determining the reasonable value of medical treatment provided, the fact-finder could consider the amount actually paid by a collateral source, which in *Leitinger* was the injured person's health insurance company. *Leitinger* held that the collateral source rule prohibits parties in a personal injury action from introducing evidence of the amount actually paid by the injured person's health insurance company, a collateral source, for medical treatment rendered to prove the reasonable value of the medical treatment. The Court recognized that the fact-finder determines the reasonable value of the medical treatment rendered, which is not necessarily the amount actually paid or the amount billed for the treatment. *Leitinger* also pointed out that the collateral source rule ensures that the liability of similarly situated defendants is not dependent on the relative fortuity of the manner in which each plaintiff's medical expenses are financed.

11. It seems to the undersigned that to allow a defendant to do what the Defendant here wishes to do would be to allow the Defendant to do indirectly what it cannot do directly, namely limit Plaintiff's award for expenses for medical treatment by introducing evidence that payment was made by a collateral source. Other courts have had the same reaction, *see Covington v. George*, 597 S.E.2d 142 (S.C. 2004); *Radvany v. Davis*, 551 S.E.2d 347 (Va. 2001); *Goble v. Frohman*, 848 S0. 2d 406 (Fla. 2d DCA 2003); *Fye v. Kennedy*, 991 S.W. 2d 754 (Tenn. Ct. App. 1998); *Brandon HMA, Inc. v. Bradshaw*, 809 So. 2d 611, 619 (Miss. 2001); *Cates v. Wilson*, 361 S.E. 2d 734, 738 (N.C. 1987); *Bynum v. Magno, 101 P. 3d 1149, 1156 (Haw. 2004); Wills v. Foster*, 892 N.E. 2d 1018 (Ill. 2008) ("The

3

vast majority of courts to employ a reasonable-value approach hold that the plaintiff may seek to recover the amount originally billed by the medical provider…").  *See also Aumand v. Dartmouth Hitchcock Med. Ctr.*, 611 F. Supp. 2d 78, 91 (N.H Dist. Ct. 2009) (To allow evidence of what was paid to satisfy plaintiff's medical bills on a discounted basis "strikes the court as an end-run around the collateral source rule, as a number of courts have concluded in upholding the exclusion of what a third party paid towards medical expenses as evidence of their value.")

12.    The undersigned also shares the concern raised in some of the cases cited above that to allow not only the billed amount for medical expenses into evidence but also the amount of the "paid" bill without divulging the source of the payments would undoubtedly be confusing to a jury, with any attempt to explain the compromised payment leading to an undermining, if not violation, of the collateral source rule.  As the Nevada Supreme Court found in *Tri-County Equip. & Leasing, LLC v. Klinke*, 2011 Nev. Unpub. LEXIS 847, write-downs are negotiated between the medical provider and the third party paying the medical costs on behalf of a tort victim; accordingly, evidence of the write-downs leads, at the very least, to an inference of a collateral source.  Thus, evidence of write-downs creates the same risk of prejudice that the collateral source rule is designed to prevent.  *See also Corenbaum v. Lampkin*, 215 Cal. App. 4ᵗʰ 1308 (2013) ("Moreover, for the jury to consider both evidence of the amount accepted by medical providers as full payment and evidence of a potentially greater reasonable value would very likely cause jury confusion and suggest the existence of a collateral source payment, contrary to the evidentiary aspect of the collateral source rule…" *Id.* at 1330.[3]).

13.    Certainly there are reasonable arguments to the contrary, with probably the best one being that "the collateral source rule should not extend so far as to permit recovery for sums neither the plaintiff nor any collateral source will ever be obligated to pay." Beard, *The Impact of Changes in Health Care Provider Reimbursement Systems on the Recovery of Damages for Medical Expenses in Personal Injury Suits* (1998) 21 Am. J. Trial Adovc. 453, 4789.  *See also Martinez v. Milburn Enters.*, 233 P.3d 205 (Kan. 2010); *Bozeman v. State*, 879 So. 2d 692 (La. 2004); *Stayton v. Del. Health Corp.*, 117 A.3d 521 (Del. 2015); Bryce Benjet, *A Review of State Law Modifying the Collateral Source Rule: Seeking Greater Fairness In Economic Damages Awards*, 76 Def. Couns. J. 210 (2009) (noting that "although the [collateral source] rule is entrenched in the common law, there is a growing trend to restrict, if not abolish, the rule," and citing cases).

---

[3] The reader should note that in California evidence of the full amount billed for a plaintiff's medical care is not relevant to the determination of a plaintiff's damages for past medical expenses, and therefore is inadmissible for that purpose if the medical providers, by prior agreement, had contracted to accept a lesser amount as full payment for the services provided. In contrast, evidence of the amount accepted by medical providers as full payment does not violate California's version of the collateral source rule and is admissible provided that the source of the payment is not disclosed to the jury and the evidence satisfies the other rules of evidence. *Id.* at 1328.

14. However, the collateral source rule has been the law in this State for nearly 40 years. The Legislature has shown it can modify or limit the collateral source rule in certain circumstances if it sees fit to do so, *see* 24 M.R.S. § 2906(2). To date it has not done so in personal injury cases not involving actions for professional negligence. The undersigned is not going to substitute his judgment for that of the Law Court or the Legislature. Accordingly, the Motion in Limine is **denied.**

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 2/9/2016

BY _____

Robert E. Mullen, Justice
Maine Superior Court

5